## CAIN et al. v. MUNGER.

No. 4384.    Opinion Filed June 1, 1915.

(149 Pac. 1086.)

**BILLS AND NOTES—Time of Payment—Agreement to Extend—Consideration.** An agreement to extend the time of payment of a promissory note is not supported by a valid consideration, where the part payment of the principal is made after the maturity of the note, and there is no other consideration to support the agreement.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Eunice N. Munger against Cora H. Cain and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Wilson & Tomerlin,* for plaintiffs in error.

*Burewll, Crockett & Johnson,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was instituted on the 16th day of December, 1911, to recover a judgment upon two promissory notes, and a decree of foreclosure against certain real estate given to secure said notes. One note was dated January 19, 1910, in the sum of $1,250, payable January 19, 1911; the other note was

of the same amount, dated the same day, and due January 19, 1912; both notes drawing interest at 8 per cent. per annum from date until paid. The mortgage provided that if the sum or sums of money secured by the mortgage, or any part thereof, were not paid when due, the holder of said notes and mortgage could elect to declare the whole sum or sums, with interest thereon, due and payable at once, and collect said debt, including attorney's fee. On the 19th day of January, 1911, the first note became due; the maker thereof failed and refused to pay the same, or any part thereof, and for that reason plaintiff declared both of said notes due and payable. Defendant Cain answered by general denial, which was not verified, and set up an affirmative defense, alleging that the action was prematurely brought, for that the said plaintiff did agree and contract, by and with the said defendant, on or about the 29th day of June, 1911, for and in consideration of the payment to plaintiff of $100, to apply upon the principal of the notes sued on in this action, said sum being then and there paid, that she would forbear to sue and would extend the payment of said notes to the 1st day of January, 1912; that the defendant in all respects complied with the terms of said agreement and paid to plaintiff on or about the 29th day of June, 1911, the sum of $100, which was accepted by plaintiff and applied on said note, but that plaintiff wholly disregarded her agreement to extend the time of payment of said notes on each of them, and to forbear to sue until the 1st day of January, 1912, and filed in the office of the clerk of the district court of Oklahoma county on December 16, 1911, this action to foreclose said mortgage; that by reason of such agreement the notes were not due when the plaintiff instituted this action;

and that the action was therefore prematurely brought. At the trial of the cause the court refused to. allow the defendant to testify relative to the oral contract to extend the note to January 1, 1912, and it is of the exclusion of this testimony that the defendant complains.

The note on which the sum of $100 was paid as part payment of the principal was due January 19, 1911. The payment of $100 was made on or about the 29th day of June, 1911, which was more than five months after said note became due. At the time this amount was paid the defendant was under the obligation of paying the sum of $1,250 and interest. The sum of $100, which was paid, was less than the plaintiff was entitled to at the time of the payment. No benefit or profit in a legal sense resulted to the plaintiff by reason of the acceptance of the $100 to be applied on the principal, nor any detriment or loss resulted to the defendant. The payment of this sum on the note, which was already due, was not a sufficient consideration for an agreement to extend the time for the payment of the balance. The promise to extend the payment of a note already due by a part payment of the principal is not supported by a consideration, and hence its non-performance creates no legal liability. *Maker v. Taft*, 41 Okla. 663, 139 Pac. 970, 52 L. R. A. (N. S.) 328.

The cause should therefore be affirmed.

By the court: It is so ordered.