[Civ. No. 1526.   First Appellate District.—September 3, 1915.]

## GEORGE W. SCHNEIDER, Respondent, v. V. F. ANTHONY et al., Appellants.

PROMISSORY NOTE—EXECUTION IN BLANK—INSERTION OF PAYEE'S NAME —FINDINGS—EVIDENCE.—In an action upon a promissory note, in which the defense was that the note was executed in blank as to the name of the payee and delivered to an agent with limited authority to borrow the amount for which it was drawn from a particular person, but the agent exceeded his authority in procuring the loan from another person and inserting her name in the note, where the evidence was conflicting upon this issue, the findings of the trial court in favor of the plaintiff will not be disturbed on appeal.

ID.—TRANSFER OF NOTE—SUFFICIENCY OF EVIDENCE.—Where the original payee of the note testified that she sent the note duly indorsed to her attorney with instructions to deliver it to the plaintiff for collection and that she knew that plaintiff had received it; and plaintiff produced the note in court and delivered it up for cancellation, the evidence is sufficient to sustain a finding that the note was transferred to plaintiff prior to the institution of the action, and the weight of this evidence was not affected by the fact that the attorney for the plaintiff was also attorney for the original payee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

Gerald C. Halsey, for Appellants.

Costello & Costello, and E. R. Hoerchner, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the plaintiff and from an order denying the defendents' motion for a new trial.

The action was brought to recover the amount due upon a promissory note alleged to have been executed by the defendants to one Margaret G. Anthony, and by her assigned and delivered to the plaintiff for collection. The defendants contended in their pleadings and upon the trial that they were not to be held liable for the note in question by reason of the fact, as averred and testified to by them, that they had signed the note in blank as to the name of the payee, and had intrusted it to an agent with limited authority to borrow the amount for which it was drawn from a particular person; and that such agent exceeded his authority in that regard by procuring the loan from another person than that named in his instructions, to wit, Margaret G. Anthony, inserting her name in the instrument as payee, and delivering the same to her. The evidence upon this subject was substantially conflicting, and the court resolved such conflict in its findings and judgment against the defendants' contention. It is sufficient to say that under the well settled rule its action in that regard will not be disturbed upon appeal.

The only other contention of the appellants is that the evidence fails to show that the note was transferred by the payee to the plaintiff prior to the institution of the action. The testimony of Margaret G. Anthony upon this point is to the effect that she sent the note, duly indorsed, to her attorney, Mr. Costello, with instructions to deliver the same to the plaintiff herein for collection, and that she knew that the plaintiff had received it. The defendants undertook upon cross-examination to show that she had no personal knowledge of its actual delivery to the plaintiff; but assuming this to be true, it appears that the note was produced in court by plaintiff's counsel and on his behalf and as his exhibit, and was by him delivered up to the court for cancellation. The fact that the attorney of record for the plaintiff was also the attorney for Margaret G. Anthony, to whom the latter

had transmitted the note for delivery to the plaintiff, does not seriously militate against the weight of this evidence as showing that the note had been delivered to the plaintiff, and that he was the holder thereof at the time of the institution and trial of the action. We think the evidence in this regard sufficiently sustains the finding of the court, and that the appellants' contention upon this point also is without substantial merit.

Judgment and order affirmed.