## FREDERICK et al. v. TABOR.

No. 14430—Opinion Filed Nov. 20, 1923.

(Syllabus.)

**Bills and Notes — Extension of Note — Lack of Consideration.**

The general rule is, in an action upon a promissory note, where the party pleaded that the notes had been extended, and the evidence failed to disclose any consideration for such extension, except the agreement to pay past due interest, which in fact had not been paid, held. there was no consideration for the promised extension.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Bessie C. Tabor against H. O. Frederick and another. Judgment for plaintiff, and defendants bring error. Affirmed.

H. T. Walker, for plaintiffs in error.

Britton H. Tabor, for defendant in error.

McNEILL, J. The defendant in error on September 14, 1922. commenced this action in the district court of McIntosh county against H. O. Frederick and Jane Frederick to recover upon five promissory notes, one due January 1, 1922, one January 1, 1923, one January 1, 1924, and one January 1, 1925, and to foreclose a real estate mortgage given to secure said notes. The notes bore interest payable annually. The interest on the first note was paid to January 1. 1922, but the interest on the other notes, amounting to $720, had been due since January 1, 1922, and unpaid. The notes and mortgage were executed to the Virgil R. Cross Mortgage Company and on January 27, 1922, assigned to the plaintiff herein, the one note being due, and. the interest on the other notes being due and unpaid. At the time of the assignment, the defendants executed a written statement reciting that the defendants had executed the notes to the Virgil R. Cross Mortgage Company, and they had paid on said indebtedness the sum of $172 and no more, and there remained unpaid all the balance, and there were no offsets, counterclaim, equity, or demand and no extension or agreement in any way affecting the terms of said notes and mortgage.

The defendants filed their answer, which was a general denial, and denied the sign-

ing and executing of the notes. A few days before trial defendants filed an amended answer, and as a further defense pleaded they had an agreement with Virgil R. Cross to extend the note due January 1, 1922, to January 1, 1923, if the defendants would pay the interest due on all of said notes. The case was tried to a jury, and the jury returned a verdict in favor of plaintiff.

From said judgment the defendants have appealed. For reversal, it is first contended that the court in giving instruction No. 4, wherein the court advised the jury, in substance, that for the extension of time purported to be made by Cross to be binding on the plaintiff, Bessie Tabor, it would be necessary that the plaintiff have actual knowledge of said extension. It is contended that this instruction was erroneous because the plaintiff had not purchased the notes until after due and the interest was unpaid. It is further contended that the court erred in giving instruction No. 5, wherein the court advised the jury the burden of proof was upon the defendants to establish the extension of time and unless the defendants had established this extension by a preponderance of evidence, it would be their duty to find for the plaintiff. It is contended that these instructions were erroneous because the evidence disclosed the plaintiff was not the holder in due course, having obtained the note and mortgage after the one note was due and the interest past due upon the other notes. We think this might be true if the defendants had proved any defense to the notes or the evidence of the defendants was sufficient to prove a valid extension. There is no evidence that there was any consideration for the extension of the note except the defendants had agreed to pay the past due interest. This was never paid, although the defendant did execute a statement that there had been no extension and the notes were valid which were delivered to Mr. Tabor.

This court in the case of Maker v. Taft, 41 Okla. 663, 139 Pac. 970, 52 L. R. A. (N. S.) 328, held in substance, that an agreement made without a legal consideration to extend time of payment of note is not enforceable. Second, that an agreement to pay past due interest is not a sufficient consideration for the extension of time of payment of note. So, irrespective of where the burden of proof lies in regard to proving the extension, under defendants' own testimony the evidence was insufficient to support a finding of an enforceable extension, and there was no evidence of any consideration for such extension. Under these conditions the assignment of error and the instructions of the court become immaterial and harmless.

This court has held in a long line of decisions that this court will not reverse a case on account of erroneous instructions of the court unless the party has been prejudiced.

It is further contended that the evidence was not sufficient to support the verdict. We think there was no error in this contention. The evidence is uncontradicted that the notes were executed for a valuable consideration, and it is admitted the same have not been paid, nor the interest thereon. The evidence in the case failed to disclose any defense by the defendants to said notes.

For the reasons stated the judgment of the trial court is affirmed.

NICHOLSON. COCHRAN, HARRISON, and MASON. JJ.. concur.