### FRICKEL v. NORVAL & DIAL, Inc.

No. 16533—Opinion Filed April 6, 1926.

Rehearing Denied May 18, 1926.

1. **Chattel Mortgages—Replevin for Breach —Subsequent Verbal Agreement No Defense.**

An action in replevin based upon the breach of condition to pay provided in a chattel mortgage given to secure a note for the purchase price, and which mortgage contains a stipulation to the effect that the terms of the contract cannot be altered except in writing, and further provides that "no verbal agreement concerning the same, either now or hereafter, shall be binding upon the parties," is not subject to the defense of a subsequent agreement.

2. **Same—Proper Exclusion of Defensive Evidence.**

In an action, as above stated, it is not error for the court to exclude evidence tending to show a verbal agreement affecting the written contract between the parties.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by Norval & Dial against George C. Frickel. Judgment for plaintiffs, and defendants appeal. Affirmed.

Linn & Spradling, for plaintiff in error.

O'Conner & Holden, for defendants in error.

Opinion by THREADGILL, C. This was a replevin action brought by Jesse Norval, Jr., and Glenn Dial, copartners, doing business under the name of Norval & Dial, against George C. Frickel, to recover possession of a Dodge Brothers motor car under the terms of a mortgage given on said car, to secure a note for the purchase price. After the action was brought, and before trial, the firm was incorporated, and during the trial the corporation was substituted as plaintiff. The parties will be referred to herein as they appeared in the trial court.

The note was for $1,435, dated May 19, 1921, and was to be paid in monthly installments of $119.62, with interest, the last payment maturing May 19, 1922. The mortgage was given to secure this note, and was in the usual form of chattel mortgages, and contained a provision as follows:

"No waiver of the terms and conditions to be kept by the mortgagor herein shall be deemed to have been given by mortgagee, assigns, or legal representatives, unless the same be in writing, signed by the mortgagee, assigns, or legal representatives, and written in this instrument, and no verbal agreement concerning the same, either now or hereafter, shall be binding upon the parties hereto; and the mortgagor further agrees that this instrument contains the entire agreement between the mortgagor and the mortgagee, assigns or legal representatives."

Plaintiffs plead the note and mortgage and the default in payment, and ask for possession of the car under the terms of the mortgage. Defendant filed answer, consisting of a general denial, and further alleging a verbal agreement between the parties, to the effect that plaintiffs were to furnish him certain insurance, and the premiums were to be retained by them as payments on the note, and the answer stated that they had failed to furnish said insurance, and, by breach of this verbal agreement, had prevented his making the payments. He also filed cross-petition for breach of the verbal agreement, and asked for damages in the sum of $544.23, being the amount of money he had advanced for the payments in cash. Plaintiffs moved to strike the defense of the verbal agreement and the cross-petition, as redundant and irrelevant matter, which was

sustained by the court. Defendant excepted. The cause went to trial to a jury on the petition and general denial, and resulted in an instructed verdict for the plaintiffs, and defendant appealed urging two propositions for reversal:

1. The first is that the court erred in striking all of defendant's amended answer and cross-petition except the general denial. Defendant contends that he had a right to show an independent contract with plaintiffs as to the manner of making the payments provided in the note and which were secured by the mortgage. We are cited to the following cases in support of this contention: Mackin v. Darrow Music Co., 69 Okla. 1, 169 Pac. 497; Edwards v. City National Bank of McAlester, 83 Okla. 204, 201 Pac. 233; Hartley et al. v. Riley, 85 Okla. 101, 204 Pac. 920, and cases from other courts. We have examined these cases, and we do not think they are applicable here, for the reason they do not involve contracts specially providing that "no verbal agreement concerning the same, either now or hereafter, shall be binding upon the parties."

It must be observed that the note and mortgage pleaded by plaintiffs formed one and the same contract, and must be construed together. Collins Investment Co. v. Sanner et al., 42 Okla. 634, 152 Pac. 318; Oklahoma City Development Co. v. Pickard, 44 Okla. 670, 146 Pac. 31; Simms et al. v. Central State Bank, 56 Okla. 129, 155 Pac. 878; First National Bank v. Howard, 59 Okla. 237, 158 Pac. 927.

The provisions in this mortgage, that there should be no waiver of its terms without same was expressed in writing and no verbal agreement concerning the contract, whether now or hereafter, should be recognized to differentiate this contract and this case from the contracts and cases cited by defendant. This contract, in effect, specially provides against oral agreements. In the case of Hollister v. National Cash Register Co., 55 Okla. 214, 154 Pac. 1157, the court held that parol evidence could not be heard to change the terms of a written contract that provided that it should be complete in itself, and the mortgage in this case not only provides that the terms of the contract cannot be changed except by an agreement in writing, but also provides against all verbal agreements, either now or hereafter, for such purpose. We do not think the court committed error in sustaining the motion to strike the parol defense and the cross-petition.

2. Defendant's second proposition is that the court erred in refusing to permit him to offer any proof in support of the issues raised under the general denial. Under this proposition it appears that defendant contends that he should have been permitted to prove the parol contract interposed in his answer and cross-petition as a defense. He says that the ruling of the court in refusing to permit proof of this parol agreement was contrary to the established law of this jurisdiction. He argues that the holding of the court (and to use his language "in effect says that the manner and method of liquidating a written obligation may not be shown by parol, and may not arise from a contemporaneous agreement resting entirely in parol," and he further states that this holding is not in harmony with Mackin v. Darrow Music Co., supra. The trouble with defendant's argument, as we see it, is that it assumes that the facts in the case cited are similar to the case in controversy, and the argument does not take into consideration the stipulation not to be bound by any parol agreements. The parties certainly had a right to stipulate as they did, and when the contract is drawn into controversy by an action to enforce it, it is the duty of the court to hold the contracting parties to the plain, unambiguous terms of the contract. The same reasons given for sustaining the ruling of the trial court on the first proposition are applicable to sustain its ruling on defendant's second proposition, as presented in his brief.

Finding no error in the record, we are of the opinion that the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 594 § 611 (Anno). (2) 13 C. J. p. 594 § 611 (Anno); 22 C. J. p. 1275 § 1693 (Anno).