## JONES et al. v. ILLINOIS VALLEY TRUST CO. et al.

No. 18896.   Opinion Filed Jan. 29, 1929.

86

J. E. Whitehead and J. H. Hayes, for plaintiffs in error.

Keller & Cameron and McQueen & Kidd, for defendants in error.

LESTER, V. C. J. The parties to this appeal appear in the reverse order to that in the district court, and for convenience they will be referred to as they appear there.

The Illinois Valley Trust Company, plaintiff, brought suit to foreclose a real estate mortgage that had been executed by Ole C. Cooper and Bettie W. Cooper. The plaintiff also alleged that certain other parties claimed an interest in said real estate, and they were made parties defendant to the action.

The principal defendants, together with other defendants, were served by publication, and all of the defendants so served filed a motion to quash said service. This motion was, by the court, overruled, to which the defendants excepted.

Thereafter judgment was entered foreclosing the mortgage and decreeing a sale of the property, and a personal judgment was rendered against Ole C. Cooper and Bettie W. Cooper in favor of the plaintiff.

Motion for new trial was duly filed and thereafter overruled. An order was duly issued out of the district court for the sale of said property. The same was sold under the terms of the order and notice, and thereafter the sale was confirmed by the court, and the cause is now here for review on a number of assignments of error, and we shall discuss the material assignments in the order they are presented.

The first assignment of error is that the court erred in refusing to quash the service by publication. An examination of the affidavit for service by publication, the publication made thereunder, and the return made thereof, shows that the plaintiff complied in every manner with the requirements of the statutes of this state relating to service by publication save and except as to the service relating to M. S. Grant & Company, a corporation. Section 250, C. O. S. 1921, provides in what instances service by publication may be had on corporations, among them being, where a foreign corporation has property in the state or debts owing them or "wherein the plaintiff upon dili-

gent inquiry, is unable to ascertain whether a corporation, domestic or foreign, named as defendant, continues to have legal existence or not, or has officers or not, or their names and whereabouts, and if dissolved, is unable to ascertain the names or whereabouts of the successors, trustees or assigns, if any, of such corporation." Under the said provisions, it was necessary for the plaintiff to set out in the affidavit for publication facts which would specifically justify service by publication on the defendant corporation, and having failed to do so, therefore, the trial court erred in refusing to quash that part of the service by publication which referred to M. S. Grant & Company, a corporation.

The second assignment of error is that the court erred in the trial of said cause in denying the defendant Frank M. Jones the right of trial by jury.

The defendant Frank M. Jones filed his answer, but in said answer did not ask any affirmative relief, nor did he assert any right, claim, or interest in and to said property, or state any material fact which would entitle him to a jury. The request for a trial by jury was contained in the answer of the defendant Frank M. Jones, which answer was filed September 11, 1926. Trial of cause was had January 19, 1927. The defendant Frank M. Jones failed to appear at said trial, and the court proceeded to render judgment against the several defendants, including the defendant Frank M. Jones, barring him from any interest, claim, or right in and to said real estate.

As we view it, the answer of Frank M. Jones did not present any issuable fact that could in any manner be submitted to a jury for its determination.

The third assignment of error is that the court erred in rendering a personal judgment against Ole C. Cooper and Bettie W. Cooper, and against each of them, as said personal judgment could not be rendered upon publication service alone. This assignment of error is conceded by the plaintiff.

The fourth, fifth, and sixth assignments of error are general in their nature and only incidental to the specific assignments discussed herein.

The seventh assignment of error is that the court erred in entering its order confirming the sale of said real estate, for the reason that the said sale was had less than six months after the motion for new trial had been overruled in said cause.

The judgment decreeing foreclosure of

said real estate mortgage was rendered on the 19th day of January, 1927. Motion for new trial was heard and overruled on the 7th day of May, 1927. An order of sale was issued out of the district court on the 25th day of July, 1927, and the property sold on the 30th day of August, 1927. This assignment of error presents the proposition that where there is a waiver of appraisement in a real estate mortgage and a foreclosure had thereon, whether the order of sale may issue six months from the decree of foreclosure or six months from the date of the overruling of the motion for new trial. This question has been settled in this jurisdiction.

In the case of Miller v. Farmers' Nat. Bank, 94 Okla. 101, 221 Pac. 71, it is said:

"The defendant's last objection is that the order of sale was prematurely issued. Let us see what the record discloses. The decree of foreclosure was rendered April 23, 1919, but was not filed and recorded until May 6, 1920; the order overruling motion for new trial was made January 24, 1920, but was not filed and recorded until May 5, 1920; the order of sale was issued May 17, 1920, and the sale was made June 22, 1920. It may be conceded the sale could not be made until six months after the decree of foreclosure, but defendant contends it could not be made until six months after the recording of the decree, citing Church v. Goodin, 22 Kan. 368, but we cannot see how this case can sustain the defendant. This was a case in which it was contended the execution was premature because issued while motion for new trial was pending, and the court held against the contention, and in passing on the question the court said:

" 'After the judgment is fully recorded it is valid and has force and effect notwithstanding the pendency of the motion for new trial.'

"This court has held in Shoals v. Freeland, 91 Okla. 238, 217 Pac. 176, that the written order of judgment relates back to the verbal rendition of the same by the court and is in force and effect from the date rendered. The six months time commences to run from the date of the judgment and not from the time it was filed and recorded, and we must, therefore, hold that the objection of the defendant on this point is without merit. We think the judgment of the trial court was correct and should be affirmed."

We think that, after the motion for new trial is overruled, an order of sale may then be issued out of court, provided six months have elapsed from the date of the foreclosure decree.

The action of the trial court is sustained in all things, save and except the personal judgment that was rendered against Ole C. Cooper and Bettie W. Cooper, and as to this part of the judgment it is ordered that the same be vacated, set aside, and held for naught, and the court is also directed to set aside its judgment relating to the service by publication on M. S. Grant & Company, as well as its final judgment thereupon rendered.

HUNT, CLARK, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

Note. — See "Corporations," 14a C. J. §2916, p. 809, n. 25; §4144, p. 1418, n. 54; "Mortgages," 42 C. J. §1624, p. 90, n. 78; §1799, p. 182, n. 84.