## BLANKENBURG v. NORVAL & DIAL, Inc., et al.

No. 18914. Opinion Filed Feb. 12, 1929.

G. C. Spillers and Donald Prentice, for plaintiff in error.

O'Conner, Holden & Cobb, for defendants in error.

DIFFENDAFFER, C. Defendant in error Norval & Dial, Inc., plaintiff below, herein designated as plaintiff, commenced this action against plaintiff in error and A. M. Todd, one of the defendants in error, herein designated as defendants, to recover the possession of a motor truck under the terms of a chattel mortgage executed by Todd to plaintiff, to secure the payment of a promissory note May 6, 1924, for the sum of $1,000, payable $250 on the 20th day of May, 1924, and $75 on the 20th day of each succeeding month up to and including March, 1925. The petition is in the usual form, and had attached thereto, as a part thereof, a copy of the note and mortgage. Both the note and mortgage had a provision therein that, in case of default in payment of any installment when due, then all remaining installments "shall become due and payable at once." The mortgage contained the further provision that the mortgaged property should remain in the possession of the mortgagor until default be made in the payment of said debt or some part thereof, or the breach of s me other condition of the mortgage, and the following specific condition:

"But in the event of the sale or disposal, or attempt to sell or dispose of said property, or removal or attempted removal of same from Tulsa county, Okla., or any unreasonable depreciation in the value thereof, or in the event that the said mortgagee shall deem—self insecure, or in the event of the failure or refusal of the mortgagor to produce and exhibit said property at any reasonable time, upon demand of said mortgagee, assigns or legal representatives, said mortgagee, assigns or legal representatives may take the said property or any part thereof into—possession."

In addition thereto the mortgage contained the following express provision:

"No waiver of the terms and conditions to be kept by the mortgagors shall be deemed to have been given by mortgagee, assigns, or legal reprensentatives, unless the same be in writing, signed by the mortgagee, assigns, or legal representatives, and written in this instrument, and no verbal agreement concerning the same, either now or hereafter, shall be binding upon the parties hereto; and the mortgagor further agrees that this instrument contains the entire agreement between the mortgagor and the mortgagee, assigns, or legal representatives."

The conditions alleged to have been broken were: Removal of the property from Tulsa county; default in payments and suffering possession of the mortgaged property to pass to defendant, Blankenburg, who it was alleged held possession of the property at the time of filing the suit, and for these alleged breaches of the conditions of the mortgage, the right to possession of the truck was claimed.

It appears that a writ of replevin was issued and the truck seized by the sheriff, and defendants having failed to give a redelivery bond, the truck was delivered to plaintiff by the sheriff on or about October 15, 1924. Defendant Todd, though duly served, made default.

Defendant Blankenburg answered by unverified general denial, and by further answer and cross-petition set up and claimed damages against plaintiff alleged to have arisen out of the alleged violation of an oral agreement to modify a prior mortgage given by Todd, who he claimed was his agent on the truck, wherein he alleged, in substance, that said prior mortgage contained a provision against removal of the truck from Tulsa county, and that such provision was modified by oral executed agreement so as to permit the truck to be used in the oil fields of any county, and that defendant had under said modification taken the truck to Hughes county, where he had a contract for the use thereof for 41 days at $64 per day, and that while the truck was in Hughes county, and after the execution of the present mortgage, plaintiff had, in violation of its agreement concerning the prior mortgage, brought an action in Hughes county for possession of the truck, whereby defendant was prevented from earning the sum of $2,624, and also prevented from making the payments due on the truck. He also alleged that the taking of the truck in the instant case was wrongful and malicious, and prayed for judgment for the usable value thereof, to wit, $10 per day, or a total of $9,350.

The allegations of breach of the oral agree-

ment concerning the prior mortgage were stricken from the answer on motion of plaintiff. The answer of defendant as thus formed was an unverified general denial, and a defense and cross-petition based wholly upon the alleged wrongful taking of the truck in the replevin action. Plaintiff replied by general denial.

A jury was impaneled, and after opening statement by plaintiff, defendants' counsel made his opening statement, in which he admitted at least two, if not three; distinct breaches of the terms of the mortgage set up in plaintiff's petition, that is, change of possession of the truck from Todd to defendant Blankenburg, default in payment of at least one installment of the note, and removal of the truck from Tulsa county. He stated, however, that he expected the proof to show that the truck was kept in Kingfisher county and taken to Hughes county under an oral executed amendment to the chattel mortgage, not the one upon which the suit was based, but the original mortgage given by Todd, and sought to justify the failure to pay the installments as they became due on the breach of the oral agreement to modify the first mortgage. Thereupon plaintiff, waiving claim for damages, moved for judgment for possession of the truck on the opening statement of counsel for defendants. This motion was sustained, and defendant Todd having made default, plaintiff introduced evidence as against Todd, whereupon, on motion of plaintiff, the court directed a verdict for plaintiff for possession of the truck. After unsuccessful motion for new trial, judgment was entered on the verdict. Defendant Blankenburg appeals, making Todd a party defendant in error.

But two questions are presented:

(1) Did the court err in striking certain parts of defendant's answer and cross-petition?

(2) Did the court err in sustaining the motion for judgment against defendant Blankenburg on his opening statement?

All the questions of law involved in the first proposition have been decided adversely to the defendant in Frickel v. Norval & Dial, Inc., 118 Okla. 41, 246 Pac. 381. That case and the authorities therein cited are conclusive against defendant as to oral agreements made after the written contract was executed and we deem it unnecessary to restate the law on that point.

Defendant could not rely on any oral agreement or modification of the chattel mortgage claimed to have been made prior to

its date. Section 5035, C. O. S. 1921, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

The provision of the section quoted has been applied to chattel mortgages. Kirkbride Drilling & Oil Co. v. Satterlee, 32 Okla. 22, 121 Pac. 635.

On the second proposition, as pointed out, defendants' counsel admitted at least two, if not three, distinct breaches of the terms of the mortgage, any one of which would justify a judgment for plaintiff. The rule is that a motion for a peremptory instruction upon the opening statement of defendant should be denied unless such statement contains an unequivocal admission of fact absolutely entitling plaintiff to judgment. In Lindley v. Atchison, T. & S. F. R. Co. (Kan.) 28 Pac. 201, it was held:

"The court is warranted in acting upon the admissions made by parties during the trial of a cause; and where the plaintiff, in making the opening statements of his case to the court and jury, admits or states facts the existence of which absolutely precludes a recovery by him, the court may close the trial at once, and give judgment against him."

In the body of the opinion, the court said:

"The first question presented is whether the court may dispose of the case upon the statement made by the plaintiff in opening his case. Such a statement is a part of the procedure of the trial. The Code provides that when the jury is sworn, the plaintiff or party who has the burden of proof may proceed to state his case to the jury, and the evidence by which he expects to sustain it. Civil Code, sec. 275. If the statements or admissions then made are such as to absolutely preclude a recovery, it would be useless to consume further time or to prolong the trial."

To the same effect is First State Bank of Keoto v. Bridges, 39 Okla. 355, 135 Pac. 378.

It is asserted that defendant, under his general denial, should be permitted to make any defense and introduce any competent evidence to defeat the right of plaintiff to recover. This is undoubtedly the rule in actions in replevin, but this rule would not aid defendant after he had made admissions of fact which show absolutely plaintiff's right to recover.

The cross-petition for damages, being based

wholly upon the alleged wrongful taking of the truck in the present action, must fail upon the admission of defendant that the truck was not in fact wrongfully taken, or the admission of facts which show that plaintiff had an absolute right to the possession of the truck.

There was no error in sustaining the motion for judgment, and the judgment should be affirmed.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 26 R. C. L. p. 1071. See "Evidence," 22 C. J. §1675, p. 1257, n. 79. "Trial," 38 Cyc. p. 1476, n. 45.