## POUND v. CAMPBELL.

No. 25568.   Sept. 17, 1935.

Rehearing Denied Oct. 22, 1935.

Creekmore Wallace, for plaintiff in error.

D. E. Hodges and L. D. Mitchell, for defendant in error.

PER CURIAM. This action was for the possession of a Chevrolet automobile and a Philco radio upon a chattel mortgage given to secure the payment of a note.

The defendant first filed a verified general denial. Thereafter he filed an amended answer in which he attempted to set up an agreement to extend payment on the note and mortgage involved in the proceedings. When the cause was called for trial defendant admitted the execution of the note and mortgage, and admitted that he retained possession of the property, but alleged that after the first note in payment of the property became due there was an agreement by the plaintiff to extend the indebtedness, but that at the time of said agreement plaintiff had already filed this action to obtain possession of the property involved. There are other matters in the statement not necessary to mention, since this is a possessory action. On a motion duly made, the court entered judgment for the plaintiff, from which judgment defendant prosecuted error.

We are of the opinion that the action of the trial court should be affirmed. This court has held that a motion for peremptory instructions upon an opening statement which contains an unequivocal admission of fact absolutely entitling plaintiff to judgment should be sustained. In Blankenburg v. Norval & Dial, Inc., et al., 135 Okla. 131, 275 P. 1040, it is said that where admissions are made by parties during the trial of a cause which clearly indicate that there is no defense to the action, it is not error to render judgment upon the pleadings and opening statement of counsel. Vinson v. U. S. Fidelity & Guaranty Co., 119 Okla. 37, 250 P. 900; First State Bank of Keota v. Bridges, 39 Okla. 355, 135 P. 378.

The answer and the opening statement show only an agreement to extend the time of payment; such agreement was without consideration and necessary elements of estoppel are not present. In many respects this case is like the case of Blankenburg v. Norval & Dial, Inc., et al., supra, and in that opinion Commissioner Diffendaffer discusses the application of the rule in cases of this nature.

In addition to the above authorities, our court has held that an answer of this nature states no defense to a cause of action such as this. See Maker v. Taft, 41 Okla. 663, 139 P. 970; Cain et al. v. Munger, 48 Okla. 24, 149 P. 1086; Frederick et al. v. Tabor, 96 Okla. 99, 221 P. 505.

There is a contention by the plaintiff in error that under the general denial, which was verified, the court erred in rendering the judgment. In view of the opening statement of counsel and the holding of our court in the above cited cases, we are of the opinion that the court committed no error in rendering said judgment, and the action of the court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.