## INVESTORS ROYALTY CO., Inc., v. LEWIS et al.

No. 28082.    June 20, 1939.

Hal Johnson, for plaintiff in error.

W. L. Johnson, for defendants in error.

HURST, J.  This is an action by the Investors Royalty Company against S. M. Lewis, Nettie Lewis, and others not now involved, to establish a mineral interest in land and recover oil and gas royalties accruing thereto. The trial court sustained defendants' demurrer to plaintiff's amended petition, and dismissed the action. Plaintiff brings this appeal.

The plaintiff in its amended petition alleged in substance that the defendants S. M. Lewis and Nettie Lewis, owners of 60 acres of land, which was under lease for oil and gas purposes, conveyed to plaintiff by mineral deed subject to the existing lease an undivided five-acre royalty interest in and to the oil, gas, and mineral rights under a specified 40 acres in the 60-acre tract; that subsequently a producing well was drilled on the 20 acres which had been retained by the defendants; that at the time the mineral deed was executed and delivered the parties entered into a contemporaneous oral agreement whereby the plaintiff was to receive its proportionate part of any royalties accruing from the production on any part of the 60-acre tract under lease. Copies of the lease and mineral deed in question were attached as exhibits to the petition. The lease was an ordinary Producers 88 form and contained the usual provisions relative to the right of either party to sell or assign their interest in whole or in part. The lease contained no provision for the division of the royalty among the lessors. The mineral deed conveyed to the plaintiff "an undivided one-eighth (1/8) interest in and to all the oil, gas and other minerals" under 40 acres specifically described. The mineral deed then provided as follows:

"This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease of record heretofore executed; it being understood and agreed that said grantee shall have, receive, and enjoy the herein undivided interest in and to all bonuses, rents, royalties and other benefits which may accrue under the terms of said lease in so far as it covers the above-described land from and after the date hereof, precisely as if the grantee herein had been at the date of the making of said lease the owner of a similar undivided interest

in and to the lands described and grantee one of the lessors therein."

Plaintiff makes the following argument: The provision in the mineral deed that the grantee shall take the interest therein conveyed "precisely as if the grantee herein had been at the date of the making of the said lease the owner of a similar undivided interest in and to the land described and the grantee one of the lessors therein" places the plaintiff in the position of a colessor with defendants as of the date of the execution of the lease. Thus it is contended that the plaintiff and the defendants as of the date of the execution of the lease are in the position of two owners of contiguous tracts of land included in the same oil and gas lease, and the lease being silent as to the division of the royalty, the oral agreement is enforceable and controls the division of royalties.

In support of that contention plaintiff relies on Brazell v. Brown (1934) 169 Okla. 623, 38 P.2d 17. In that case two tracts of land, owned in severalty by different persons, were included in the same oil and gas lease. The lease was silent as to the division of royalty between the lessors. Thereafter one of the lessors conveyed all the mineral rights in his tract to a third party. Production being obtained on the other tract, the grantee of the lessor sought to recover his proportionate share of the royalty, relying upon an oral agreement between the lessors, made contemporaneously with the execution of the lease, that each should share in the royalty in the proportion which the area of each tract bore to the entire premises leased. The court held that, inasmuch as the lease was silent as to the division of the royalty among the lessors, the rule excluding oral evidence to vary written contracts was not applicable and the oral agreement governed.

But plaintiff has overlooked the material distinction between the Brazell Case and the case at bar, that is, here there is a written agreement expressed in the mineral deed fixing the rights of the parties with respect to the participation in the royalties, and the alleged oral agreement was contemporaneous with the execution of the mineral deed.

It will be noticed that the mineral deed provides:

"It being understood and agreed that said grantee shall have, receive, and enjoy the herein undivided interest in and to all bonuses, rents, *royalties*, and other benefits which may accrue under the terms of said lease *in so far as it covers the above described land. * * *"*

The "above described land" referred to is the 40 acres within the 60-acre tract. By this provision the right of plaintiff to participate in the royalties is expressly limited to those accruing from the 40-acre tract therein described. As between the original lessors, who have retained the 20-acre tract, and the plaintiff, who stands in the position of a lessor as to the 40-acre tract, the participation in the royalties is settled by this written agreement, that is, plaintiff's rights being limited to the described 40 acres conveyed to it, each is to participate in the royalty from his own tract. Therefore, assuming without deciding that plaintiff is correct in his argument that the clause in the mineral deed relied upon places plaintiff in the position of a colessor with defendants as of the date of the lease, nevertheless the right of each to participate in the royalty is fixed by the terms of the mineral deed. It follows that the alleged contemporaneous oral agreement to the effect that plaintiff may participate in royalties accruing from the 20 acres retained by the defendants as well as those accruing from the 40-acre tract conveyed by mineral deed is contrary to the written agreement in the mineral deed.

The parol evidence rule renders unenforceable an unexecuted oral agreement inconsistent with the terms of a written agreement made contemporaneously therewith, unless it was omitted from the written contract by fraud, accident, or mistake. Page v. Geiser Mfg. Co. (1906) 17 Okla. 110, 87 P. 851; 12 Am. Jur. 757, sec. 233. The parol evidence rule is a rule of substantive law. Section 9456, O. S. 1931 (15 Okla. St. Ann. § 137); Seal Oil Co. v. Roberson (1935) 175 Okla. 140, 51 P.2d 801; Wigmore on Evidence, vol. 4, sec. 2400, p. 3369; 22 C. J. 1075. Therefore, where an oral agreement is essential to a cause of action, a petition alleging such oral agreement, which is violative of the parol evidence rule, fails to state a cause of action, and it is not error to sustain a demurrer thereto. Golden v. Golden (1932) 155 Okla. 10, 8 P.2d 42; 13 C. J. 737, sec. 877. See, also, Blankenburg v. Norval & Dial, Inc. (1929) 135 Okla. 131, 275 P. 1040.

Under the terms of the mineral deed standing alone, plaintiff has no right to participate in the royalties accruing from the 20-acre tract retained by the defendants, and the oral agreement, being unenforceable, adds nothing.

304

Judgment affirmed.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY, J., absent.