SABIN et al. v. HOME OWNERS' LOAN CORP.

No. 28788. May 28, 1940.

Rehearing Denied July 16, 1940.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1940.

*105 P. 2d 245.*

Bertha Florence Sabin, for plaintiffs in error.

O. K. Wetzel, and Hardin Ballard, both of Oklahoma City, and A. M. Frazier, of Dallas, Tex., for defendant in error.

RILEY, J. The Home Owners' Loan Corporation brought this action against Milton Roe Sabin and Bertha Florence Sabin, seeking judgment on a note and foreclosure of a mortgage given as security therefor. A verdict was directed for the plaintiff. From an order overruling a motion for a new trial and rendering judgment for plaintiff, defendants bring this appeal. The parties will be referred to as they appeared below.

In its petition, filed February 5, 1937, plaintiff alleged defendants, on February 4, 1935, executed a note in the principal sum of $7,282.35, with interest on the unpaid balance at 5 per cent., principal and interest payable $57.59 per month; that in event of default in payment of any installment for a period of 90 days, the note provided the holder might, at its option, declare the remainder of the note due; that defendants executed a mortgage covering certain real estate as security for such note, that defendants had long been in default; and that in order to protect its lien plaintiff had been compelled to pay taxes for 1935 and 1936 in the sum of $316.03.

Defendants filed an amended answer. The part thereof pertinent to this appeal alleged: That on September 10, 1936, they entered into a contract whereby they would pay, October 10, 1936, two monthly installments, viz., $115.18, and in addition $100, making a total of $215.18, and would continue thereafter to pay two installments per month until the account was in good standing; that they complied with said agreement; that plaintiff breached the agreement by prematurely instituting this action; and that by this premature action defendants had been damaged in the sum of $7,500.

On the date of the trial, January 10, 1938, plaintiff's demurrer to various paragraphs of defendants' amended answer was sustained, and trial was then had upon the general issue, with the result stated in the first paragraph hereof.

Under their first proposition, defendants argue and cite authorities only upon the contention the trial court erred in sustaining the demurrer to those paragraphs, alleging the extension agreement of September 10, 1936. The remaining assignments of error, involving proceedings up to and including the order overruling motion for new trial, are therefore abandoned.

It will be noted that at no place do defendants allege there was a new consideration for the alleged extension agreement. On the contrary, the pleading shows the only change in their obligation under the original contract was to pay $100 plus two monthly installments on October 10, 1936, and two monthly installments during each successive month until all monies past due under the terms of the original agreement were paid.

In State ex rel. West, Atty. Gen., v. City of Sapulpa, 58 Okla. 550, 160 P. 489, it was held:

"Where an original contract does not contemplate the making of a subsequent supplemental agreement, the original consideration will not support such subsequent agreement, and a subsequent supplemental agreement not forming a part of the original contract or supported by the original consideration thereof, or a new consideration, is void as between the parties."

The entire debt was past due at the time of the alleged extension agreement.

The defendants neither paid nor agreed to pay any more than they were under obligation to pay at that time according to the terms of the note and mortgage. Consequently, there was not a sufficient consideration passing from defendants to plaintiff to support the alleged extension agreement. The paragraphs of the answer here involved did not set out facts sufficient to constitute a defense. Maker v. Taft et al., 41 Okla. 663, 139 P. 970, 52 L. R. A. (N. S.) 328; Caine et al. v. Munger, 48 Okla. 24, 149 P. 1086; Frederick v. Tabor, 96 Okla. 99, 221 P. 505; Pound v. Campbell, 174 Okla. 331, 49 P. 2d 1088; 85 A.L.R. 327.

In support of the above contention, defendants rely primarily upon the case of Minnehoma Oil Co. v. Koons, 99 Okla. 266, 226 P. 1048. But a careful reading of that opinion discloses that, after holding parol testimony is admissible to prove an oral executed agreement entered into subsequent to a written agreement between the parties, the court said, "* * * it is competent to prove a new and distinct agreement *upon a new consideration. * * *"* This authority of defendants, instead of being at variance with, actually sustains, the action of the trial court. Their remaining authorities are not in point. The demurrer was properly sustained.

The above holding obviates the necessity of further considering defendants' contention, that they were damaged by premature commencement of the action.

Judgment of foreclosure was rendered January 10, 1938, and the motion for new trial was overruled February 9, 1938. Notice of appeal was given, but no supersedeas bond was executed. An order of sale was issued July 18, 1938; the sheriff's sale was held August 19, 1938; motion to confirm same was filed August 23rd. After exhaustive hearings the trial court confirmed the sale September 9, 1938. Defendants gave notice of appeal therefrom.

In the meantime, August 8, 1938, defendants filed an appeal from the judgment of foreclosure.

In their second proposition for reversal defendants urge the sale was premature because six months had not elapsed since the motion for new trial was overruled, and that the sale price was grossly inadequate.

Since defendants furnished no supersedeas bond, execution of the judgment was not stayed by virtue of their notice of appeal, but no sale of the property could be had for a period of six months because the mortgage provided for waiver of appraisement.

In Jones v. Illinois Valley Trust Co., 135 Okla. 85, 274 P. 36, the first portion of their second proposition was decided adversely to defendants in the following language:

"Where there is a waiver of appraisement contained in a real estate mortgage, and a judgment of foreclosure thereof is entered decreeing the sale of said property, and a motion for new trial is filed and thereafter overruled, an order of sale may then issue out of the court six months from date of the judgment, for the reason that the effect of the overruling of the motion for new trial relates back to the force and purposes of the judgment originally entered."

Six months from date of the judgment expired July 10th. The order of sale was not issued until July 18th. Defendants' contention is without merit.

Plaintiff purchased the property at the sale for $4,000; defendants were present at the sale and objected thereto. There is no charge of unfairness, fraud, improper conduct, or other irregularity. The objection is based merely upon inadequacy of price. Defendants make no showing that a probable higher bid would be obtained in event a resale was had.

In the recent case of Sharp v. Elsea, 180 Okla. 201, 69 P. 2d 55, we said:

"No case has been called to our attention nor has one been examined by us in which the parties were present at the sale, or had an opportunity to be present, in which the appellate court sustained the action of the trial court where it refused to confirm the sale solely on the ground of inadequacy of the bid."

In the still more recent case of Essley v. Langley et al., 185 Okla. 106, 90 P. 2d 396, it was stated:

"The trial court passed on the value of the property insofar as it was necessary to guide the court in passing on the validity of the sale. These findings have the same weight as in cases tried to a jury, and this court will not review the judgment of the trial court as to the value of the property where the evidence is disputed, and there is no showing of fraud or collusion in the appraisement, or of chilling, stifling, or suppressing bids and there is no showing whatever of a probable higher bid should a resale be ordered."

The record discloses no reason for setting the sale aside.

In a supplemental brief defendants contend the trial court was without jurisdiction to enter the judgment of foreclosure because the note and mortgage introduced in evidence show upon their faces that the mortgage tax had not been paid. To sustain their argument, Greenwood v. Price, 166 Okla. 292, 27 P. 2d 822, is cited.

That case cannot be considered authority herein, because the mortgagee, the Home Owners' Loan Corporation, is an instrumentality of the federal government and not subject to the mortgage tax levied by section 12351 et seq., O. S. 1931, title 68 Okla. St. Ann. § 1171 et seq. The Kansas Supreme Court so held in Home Owners' Loan Corp. v. Anderson, 145 Kan. 209, 64 P. 2d 14. See, also, Pittman v. H. O. L. C. of Washington, D. C., (Md.) 2 A. 2d 689, holding that under the federal statute providing the Home Owners' Loan Corporation and its loans shall be exempt from taxation, the corporation is entitled to have a mortgage, executed to it, recorded upon payment of the usual recording fee without payment of additional recordation tax imposed by state statute. The contention is untenable.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, HURST, and DAVISON, JJ., concur.