## SABIN et al. v. HOME OWNERS' LOAN CORPORATION et al.

### No. 3063.

Circuit Court of Appeals, Tenth Circuit.

Feb. 21, 1945.

Rehearing Denied March 19, 1945.

Lee Williams, of Oklahoma City, Okl. (Herbert K. Hyde, of Oklahoma City, Okl., on the brief), for appellants.

Eben L. Taylor, of Tulsa, Okl. (A. M. Frazier and Saul A. Yager, both of Tulsa, Okl., on the brief), for appellee Home Owners' Loan Corporation.

G. Ellis Gable, of Tulsa, Okl. (Kavanaugh Bush and Chas. P. Gotwals, Jr., both of Tulsa, Okl., on the brief), for appellee O. K. Wetzel.

R. D. Hudson and Wash E. Hudson, both of Tulsa, Okl., on the brief for appellees A. Garland Marrs, Sheriff of Tulsa County, Okl., W. S. Duggins, Nate Martin, John Burnett, and Tom Kithcart, Deputy Sheriffs of Tulsa County, Okl.

A. E. Montgomery, of Tulsa, Okl., on the brief for Joe Hodges, doing business as Joe Hodges Transfer & Storage.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Milton Sabin and Bertha Florence Sabin executed to Home Owners' Loan Corporation a note and a mortgage covering a lot

in Sunset Terrace Addition to Tulsa, Oklahoma. Home Owners' Loan Corporation instituted an action in the state court to foreclose the mortgage. Judgment was rendered for plaintiff; and it provided, among other things, that if it was not paid within six months, an order of sale should issue to the sheriff commanding him to advertise and sell the property according to law, without appraisement. The judgment was not paid, the order of sale was issued, the property was advertised and sold, Home Owners' Loan Corporation was the purchaser, and the sale was confirmed. The order of confirmation directed the sheriff to execute and deliver to the purchaser a deed, and it further directed the clerk to issue a writ of assistance directed to the sheriff commanding him to place the purchaser in possession. The deed was executed and delivered, as directed. The judgment was affirmed, and the order confirming the sale was upheld. Sabin v. Home Owners' Loan Corporation, 187 Okl. 504, 105 P.2d 245, certiorari denied, 313 U.S. 570, 61 S.Ct. 957, 85 L.Ed. 1529. Possession of the premises not having been surrendered to the purchaser, the writ of assistance was issued and placed in the hands of the sheriff but was returned with the notation that it had not been executed pursuant to direction of the attorney for plaintiff. An alias writ of assistance was issued; and the sheriff, acting through certain deputies, executed it by removing from the premises the household furniture, certain personal effects, three automobiles, and some building material, and by placing the purchaser in possession. The furniture and personal effects were placed in storage, and the building material was delivered to the storage company for safekeeping. The Sabins could have obtained them at any time by paying a reasonable storage charge. The automobiles were delivered to a garage for safekeeping, and they too could have been obtained at any time by the payment of a reasonable charge. But in neither instance was the charge paid. And the state finally caused the automobiles to be sold at public auction for unpaid license or tag charges due the state.

The Sabins instituted this action in the state court against Home Owners' Loan Corporation; O. K. Wetzel, an attorney who represented Home Owners' Loan Corporation in the foreclosure proceeding; P. L. Murphy, an agent of Home Owners' Loan Corporation; Cal Crum, the clerk of the state court who issued the order of sale, the writ of assistance, and the alias writ of assistance; the sheriff, and the deputies who took part in executing the alias writ of assistance; and the owner of the transfer and storage company that removed in vans the personal property, under the direction of the sheriff. It was alleged in the petition that at the time of the removal of the personal property, the real property was in litigation in the Supreme Court of the state—not finally adjudicated; that a good and sufficient bond had been posted, by the terms of which plaintiffs were to occupy such premises; and that the defendants, pretending to act colore officii, but without any legal right, wrongfully and with the full intent to deprive plaintiffs of their property, broke into and entered the premises, seized, removed, and converted to their own use the personal property. Damages in excess of $400,000 were sought. The action was removed to the United States Court, and a motion to remand was denied. At the close of the evidence for plaintiffs, the court dismissed the action as to the defendants Wetzel, Murphy, and Crum; and at the close of all the evidence, the court directed a verdict for the defendant Home Owners' Loan Corporation. The evidence presented an issue of fact as to whether the building material was on the lot covered by the mortgage and described in the alias writ of assistance or on an adjoining lot. The court submitted that issue to the jury with appropriate instructions as to liability of the sheriff, the deputies, and the owner of the transfer and storage company if the property was on the adjoining lot; and the jury returned a verdict for such defendants.

The first contention advanced is that the court erred in denying the motion to remand. All of the defendants joined in the petition for removal. The ground of removal was that the suit was one of a civil nature arising under the laws of the United States. Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), vests in the district courts of the United States jurisdiction of all suits of a civil nature arising under the Constitution and laws of the United States, where the amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000; and section 28, 28 U.S.C.A. § 71, authorizes the removal of any case of which the United States Courts are given original jurisdiction. The test for determining the removability of an action

is whether the United States Court might have exercised original jurisdiction. Arkansas v. Kansas & Texas Coal Co., 183 U. S. 185, 22 S.Ct. 47, 46 L.Ed. 144; Boston and Montana Consolidated Copper and Silver Mining Co. v. Montana Ore Purchasing Co., 188 U.S. 632, 23 S.Ct. 434, 47 L.Ed. 626; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Cochran v. Montgomery County, 199 U.S. 260, 26 S.Ct. 58, 50 L.Ed. 182, 4 Ann.Cas. 451; Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264; In re Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558; In re Winn, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873; Connolly v. First National Bank of Detroit, 6 Cir., 86 F.2d 683, certiorari denied, 301 U.S. 692, 57 S.Ct. 795, 81 L.Ed. 1348; Tennessee Valley Authority v. Tennessee Electric Power Co., 6 Cir., 90 F.2d 885, certiorari denied, 301 U.S. 710, 57 S.Ct. 945, 81 L.Ed. 1363.

The defendant Home Owners' Loan Corporation is a corporation created under the Act of June 13, 1933, 48 Stat. 128, 12 U.S. C.A. § 1461 et seq. All of its capital is subscribed by the Secretary of the Treasury on behalf of the United States. It is the wholly owned instrumentality of the United States in whose behalf the power to obtain and expend money is exercised. It therefore is entitled to invoke the jurisdiction of the United States Courts, originally and by removal, save as limited by statute. Federal Intermediate Credit Bank v. Mitchell, 277 U.S. 213, 48 S.Ct. 449, 72 L.Ed. 854; Tennessee Valley Authority v. Tennessee Electric Power Co., supra.

It is provided by section 12 of the Act of February 13, 1925, 43 Stat. 941, 28 U.S.C.A. § 42, that no district court shall have jurisdiction of any action by or against a corporation on the ground that it was incorporated by or under an Act of Congress, but the statute expressly excludes from its operation actions by or against a corporation chartered by Act of Congress and in which the United States owns more than one-half of the capital stock. Since Home Owners' Loan Corporation was chartered by Act of Congress, and since all of its capital stock is owned by the United States, this statute has no application here. Federal Intermediate Credit Bank v. Mitchell, supra. The action was removable and the court correctly denied the motion to remand. Tennessee Valley Authority v. Tennessee Electric Power Co., supra.

It is contended that the foreclosure sale was void because premature. Reliance is placed upon 46 Okl.St.1941 § 4 to sustain the contention. The pertinent part of the statute provides in effect that where a mortgage containing the words "and waive the appraisement" is foreclosed, no order of sale shall issue for six months after the entry of the judgment. The judgment in the foreclosure proceeding was entered on January 10, 1938, a motion for new trial was denied on February 9, and the order of sale was issued on July 18. The precise contention is that there was no final judgment until the date on which the motion for new trial was denied, and that under the statute no order of sale could lawfully issue until six months thereafter, August 9. But the question now urged was presented by way of objections to confirmation of the sale, and it was decided against appellants. Sabin v. Home Owners' Loan Corporation, supra. As between the parties here who were parties there, that determination is res judicata; and as between the parties here who were parties there and the parties here who were not parties there, the law of the state as there enunciated is controlling.

The sheriff's deed is attacked on two grounds. The first is that the deed was the result of an order of sale prematurely issued, and the second is that the deed was executed at a time when an order of the court was in effect staying all further execution and proceedings under the judgment in the foreclosure action. Taking up the first ground, we have already held that the order of sale cannot be attacked with success for prematurity of issuance. And since the order of sale itself cannot be attacked on that ground, it follows that the deed issued as the result of it is not vulnerable for prematurity of the order of sale. Taking up the second ground, the original judgment in the foreclosure action contained a provision reciting that the defendants gave notice in open court of their intention to appeal. But it did not contain any provision respecting a stay. The Supreme Court granted leave to file a supersedeas bond for the purpose of superseding the judgment; the bond was given; and an order was entered staying execution and all further proceedings until the further order of the Supreme Court. But that was after the confirmation of the sale and the execution and de-

livery of the deed. The order confirming the sale contained a provision that the defendants be given twenty days from the date of such order within which to file a supersedeas bond, and it contained a further provision that the defendants be given thirty days within which to prepare and serve their case-made. The pertinent part of 12 Okl.St.1941 § 971, on which emphasis is placed, provides in effect that when the time for making or completing a case-made is extended, the court or judge shall include in the order a provision "staying execution pending the giving of an undertaking as herein provided for and the time within which the proceedings in error shall be filed in the Supreme Court, in order to continue such stay of execution pending the completion and settling of the case and the filing of the petition in error in the Supreme Court * * *." No such provision was inserted in the order of confirmation, but it is urged that by the terms of the statute the stay was granted, even without the provision being in the order. With that we are not in disagreement. But no bond was ever given to supersede the order of confirmation. The extended time for the making and completing of the case-made has long since expired. And we understand that no appeal from the order was ever perfected. The contention that the deed is presently void because at the time of its execution and delivery an order was in force and effect staying execution of the judgment is without merit.

■ The mandate issued by the Supreme Court in the foreclosure action is assailed on two grounds. One is that it was undated, and the other is that it was issued in the name of a member of the court as chief justice who was not chief justice at that time. Both of these contentions were presented to the Supreme Court by petition to recall the mandate, and the petition was denied. It lies within the province of that court to construe its own mandates in connection with its opinions. The denial of the petition amounted to a determination that the mandate was not open to the objections directed against it, and that determination is binding upon us.

■ The alias writ of assistance is attacked on the ground, among others, that prior to the time of its issuance and execution, the Supreme Court re-assumed jurisdiction of the cause, of which fact the Home Owners' Loan Corporation and the sheriff had notice, thus preventing them from proceeding further with the execution of the writ until the matter had been determined by the Supreme Court. More than a month after the mandate was issued and spread of record in the trial court, the alias writ of assistance issued. Three days thereafter, the Acting Chief Justice of the Supreme Court granted appellants leave to file a tendered petition to recall the mandate, and the petition was filed on the same day. Two days thereafter the alias writ of assistance was executed in the manner previously outlined. The power of the Supreme Court of the state to recall a mandate after it has been issued and spread of record in the lower court is settled beyond doubt. Garland v. Union Trust Co., 49 Okl. 654, 154 P. 676; Ehrig v. Adams, 67 Okl. 157, 169 P. 645. But in this instance the mandate was not recalled. Instead of recalling it, the court denied the petition. The granting of leave to file the petition did not effectuate a re-assumption of jurisdiction of the cause.

■ The remaining contention which merits notice is that the court improvidently excluded certain evidence tendered for the purpose of establishing an agreement to extend the loan secured by the mortgage, and payments made pursuant to such agreement, as affecting the right of Home Owners' Loan Corporation to foreclose the mortgage, and also evidence of conversations and statements tending to show fraud on the part of agents or officials of Home Owners' Loan Corporation in connection with the foreclosure action. It is said that the evidence was not offered for the purpose of attacking the original judgment in the foreclosure action, but to show the relationship between the parties, their acts, and their conduct, and to show that there was a determined and persistent effort wrongfully to deprive appellants of their property. The agreement and the payments made under it were expressly pleaded by way of defense in the foreclosure action, and it was held that the agreement was ineffective for want of consideration. Sabin v. Home Owners' Loan Corporation, supra. Again, that determination constitutes res judicata as between the parties here who were parties there; and as between the parties here who were parties there and the parties here who were not parties there, it constitutes state law which is controlling. The validity of the judgment

and the validity of the sale having been sustained in the foreclosure action, the tendered evidence was immaterial here. If the proof had been admitted it would not have entitled appellants to recover in this action. The admission of the evidence would have been an idle gesture. Manifestly, its exclusion was not prejudicial.

The judgment is affirmed.