## SABIN et al. v. HOME OWNERS' LOAN CORPORATION et al.

No. 3158.

Circuit Court of Appeals, Tenth Circuit.

Oct. 30, 1945.

Rehearing Denied Nov. 28, 1945.

542

A. L. Harbison, of Tulsa, Okl. (Herbert K. Hyde and Lee Williams, both of Oklahoma City, Okl., on the brief), for appellants.

Eben L. Taylor, of Tulsa, Okl. (A. M. Frazier, of Albuquerque, N. M., and Saul A. Yager, of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The appellants instituted an action to quiet title and to recover possession of a house and lot lost through foreclosure proceedings begun in 1937 by the Home Owners' Loan Corporation. The trial court sustained a motion for summary judgment in favor of the defendants, and plaintiffs have appealed. This litigation has been long drawn out in both the state courts of Oklahoma and in the federal courts. See Sabin v. Home Owners' Loan Corporation, 187 Okl. 504, 105 P.2d 245, and Sabin v. Home Owners' Loan Corporation, 10 Cir., 147 F.2d 653. The facts out of which this litigation arose are narrated in detail in both the decision by the Oklahoma Supreme Court and in our former decision, and in the interest of economy of space, reference will be made to the facts as narrated in those decisions and they will not be detailed again herein.

Four assignments of error are presented in the appeal. They are: (1) The foreclosure sale was premature. (2) The deed was issued at a time when further execution had been stayed. (3) The purported judgment of foreclosure had not yet become final. (4) The judgment of foreclosure was void because of disqualification of the state trial judge, and because of fraud and over-reaching.

The first three assignments were considered and passed upon by the Supreme Court of Oklahoma in its decision, and were specifically considered and adjudicated by our court in its former decision. As to them, summary judgment was properly entered. While the question of the disqualification of the state trial judge has never been presented to an appellate court, it was tendered in the state district court where the judgment was entered by the appellants' motion to vacate the judgment because of the trial judge's alleged disqualification. He overruled the motion and refused to vacate the judgment. No appeal was taken from that ruling and it has long since become final, and the appellants may not litigate it a second time.

But even aside from that, the motion for summary judgment was nonetheless properly sustained as to this contention. The salutary purpose of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, is to permit speedy and expeditious disposal of cases where the pleadings do not as a matter of fact present any substantial questions for determination. Flimsy or transparent charges or allegations are insufficient to state a justiciable controversy requiring the submission thereof for trial. The only ground alleged to establish the disqualification of the trial judge was that at the time he considered this case he had a Home Owners' Loan Corporation mortgage on his home which was in default, and that by reason thereof he was overreached by the Home Owners' Loan Corporation. The statement that the trial court was overreached is a mere conclusion and not a statement of fact. This assignment of error does not merit any serious consideration or extended discussion. It is sufficient to say that the manner in which the foreclosure action was tried by the trial judge was the issue in the appeal to the Oklahoma Supreme Court. All the questions now urged as to the admission of evidence or the other rulings of the trial court were urged then. The Supreme Court found no error in the manner in which the trial was conducted, and found that it had been in all respects in conformity with the law of the state. The charge that the trial judge was disqualified because he had a Home Owners' Loan Corporation mortgage which was in default is too gauzy to present a substantial question. The motion for summary judgment was properly sustained.

Affirmed.