KOENIG v. HUBBARD.

No. 31775. Nov. 20, 1945.

*163 P. 2d 536.*

Rainey, Flynn, Green & Anderson, of Oklahoma City, and Holtzendorff & Holtzendorff, of Claremore, for plaintiff in error.

Kight & Kight, of Claremore, for defendant in error.

PER CURIAM. This is an action brought in the district court of Rogers county by Millie Hubbard against Janie Koenig to recover on three promissory notes. Each of the notes bore 5 per cent interest from date and provided for 10 per cent attorney fees. Various interest payments have been made on the notes and also several payments on the principal. Plaintiff also alleged in her petition that at the time of filing the suit she was indebted to defendant in various amounts; that by mutual agreement the parties computed the amount which defendant owed plaintiff and the amount plaintiff owed defendant, that the amount owed by defendant was then credited on plaintiff's notes and there remained a balance due of $3,717.50; that the agreement was made August 8, 1938, and defendant at that time paid plaintiff the sum of $1,500, which left a balance due of $2,217.50, and that the parties executed an agreement to this effect, which plaintiff pleads and attaches to her petition as an exhibit. Plaintiff asks judgment on this amount with 5 per cent interest and 10 per cent attorney fees.

Defendant in her answer pleads as an offset that plaintiff was indebted to her on three promissory notes aggregating $1,800, together with 10 per cent interest and 10 per cent attorney fees. She admits that the amount due plaintiff was computed and that she signed the instrument agreeing that on August 8, 1938, she owed plaintiff, after payment of $1,500, the sum of $2,217.50, but in her answer denies that her notes were taken into consideration in the computation.

Plaintiff testified that she and defendant computed the amount on her notes and the amount due on defendant's notes and agreed that the balance due was as alleged in her petition; that on that date defendant paid her $1,500, leaving a balance due of $2,217.50, and that the parties then signed the following agreement.

"August 8, 1938
Up to date Mrs. Koenig owes me 3,717.50
1,500.00   paid Aug. 8, 1938
———————
$2,217.50
        Mrs. Hubbard
        Janie Koenig
Figured Inst. Aug. 1st, 1938."

Mr. Aikin testified that he computed the amount due on both sets of notes, and that after allowing credit on plaintiff's notes for the amount due on defendant's notes there remained a balance due plaintiff in the sum of $3,704.88; that after allowing credit for the payment of $1,500 left a balance due in favor of plaintiff of $2,204.88, which makes the balance due the plaintiff of $12.26 less than under plaintiff's computation. Both plaintiff and Mr. Aikin testified that in making this computation they figured interest on defendant's notes at 5 per cent; the notes on their face bear interest at the rate of 10 per cent. We will later discuss this proposition.

Defendant in her testimony admits

that she signed the agreement above noted, but that in making the computation upon which the agreement is based her notes were not taken into consideration, and further testified that it was understood at the time that the notes held by her would offset the balance due plaintiff under the computation. Defendant further testified that she made a $500 payment which was not credited on the notes, and that such amount was not taken into consideration in the computation, and that the balance due plaintiff should be further reduced by this amount.

Mr. Holtzendorff testified that he calculated the amount due on plaintiff's notes and the amount due on defendant's notes; that after allowing plaintiff credit for the amount due on defendant's notes there remained due a balance in plaintiff's favor in the sum of $3,182.42; that after allowing credit of the $1,500 paid under the agreement August 8, 1938, and the $500 additional payment claimed by defendant would leave a balance due in favor of plaintiff in the sum of $1,172.42. This is in substance the evidence offered in the case.

The jury returned a verdict in favor of plaintiff in the sum of $2,806.77. The court in its instructions to the jury, after stating that it was the contention of the plaintiff that she and defendant figured the indebtedness of both parties and after giving due credit to Mrs. Koenig they arrived at the approximate sum of $3,700 due in favor of the plaintiff, and that they made a memorandum of the balance due the plaintiff and both signed the same and that at the time the defendant paid the plaintiff the sum of $1,500, reducing the amount due on the three notes sued on by plaintiff to the sum of $2,217.50. The court then charged the jury:

"If you find from a preponderance of the evidence that this was done, then your verdict should be for the plaintiff for the sum sued for, unless on that basis you figure the indebtedness against the plaintiff to be either more or less."

The instructions then proceed:

"If you find from a preponderance of the evidence that the notes owing by the defendant were not considered in the settlement of figures between the two at the time testified about, and that the plaintiff still owes said notes, and the defendant is due another five hundred dollar credit on the notes which has not been given, then it would be your duty to determine the correct amount and render your verdict accordingly."

This instruction was excepted to by the defendant. It is her contention that plaintiff's suit was based on the notes and not on the alleged agreement of August 8, 1938, and that the instruction is given on the theory that the suit was on the memorandum and not on the notes. We do not so construe the instruction. Plaintiff does not contend that her suit was on the written memorandum but insists that it is based on the notes. Plaintiff certainly had the right in a suit on the notes to plead and prove by mutual agreement that the amount due on her notes and on defendant's notes was computed and that defendant was given a credit on plaintiff's notes for the amount found due on her notes in discharge and in payment of defendant's notes. She was entitled to have this issue submitted to the jury. In our opinion, while the emphasized paragraph thereof is probably subject to criticism, the instruction as a whole fully and fairly submits this issue to the jury. The instruction leaves the jury free to recalculate the amount due on the various notes of the respective parties and return their verdict accordingly. The defendant requested no other or more definite instruction.

Defendant further contends that the verdict shows upon its face that it could not have been based on the notes. Under defendant's theory of the case, after computing the amount due on the notes held by plaintiff and the

notes held by defendant there remained due in favor of plaintiff the sum of $3,182.42. Eliminating the additional credit of $500 claimed by defendant, which we are obliged to do under the verdict of the jury, and allowing her the credit of $1,500 paid on the date the memorandum was signed, would leave a balance due in favor of plaintiff of $1,682.42. Computing interest on this amount from the date of the settlement up to the date of trial and allowing 10 per cent attorney fees on this amount would leave plaintiff entitled to recover from defendant under her theory the sum of $2,340.10. It is asserted and contended by the defendant that had the verdict of the jury been based on the notes the recovery should have been limited to this amount. We do not agree. Under the calculation made by plaintiff and by the witness Aikin after the payment of the $1,500 credit there was left a balance due in favor of plaintiff in the sum of $2,217.50. Interest computed on this amount at 5 per cent from the date of the agreement to the date of the trial together with 10 per cent attorney fees would amount to the sum of $2,806.77, which amount the jury found due by its verdict. The only items taken into consideration in making their calculation and computation were the various interest payments and credits made on the notes held by the respective parties. The jury apparently accepted this computation and rendered their verdict accordingly. It cannot, therefore, be said that the verdict was based on the agreement rather than on the notes.

Defendant further contends that the interest on her notes should have been computed at 10 per cent instead of 5 per cent. Her notes on their face provided for 10 per cent interest. The notes were given for money borrowed by plaintiff. Plaintiff was permitted to testify, over objection of defendant, at the time she borrowed the money it was agreed that she was only to pay 5 per cent interest. Defendant's objection was based upon the theory that the evidence tended to vary and contradict the terms of the written instrument and that such an instrument cannot be changed or modified by a contemporaneous parol agreement. This contention must be sustained. 15 O. S. 1941 § 137; Investors Royalty Co. v. Lewis, 185 Okla. 302, 91 P. 2d 764. Plaintiff, however, contends that the parol agreement was fully executed and that a written agreement may be modified by an executed oral agreement, citing 15 O. S. 1941 § 237. We are not, however, persuaded that the oral agreement relied upon by plaintiff has been fully executed. There is no evidence in the record offered by either plaintiff or defendant from which the inference can be drawn that defendant knew that the interest on her notes was computed at 5 per cent and that she accepted such computation. It cannot, therefore, be said that this parol agreement has been fully executed. The trial court erred in admitting this evidence.

Plaintiff in her brief says that if the court should find that the interest on defendant's notes should have been computed at 10 per cent, and that the trial court erred in admitting the evidence objected to, then the amount of her recovery, including attorney fees, should be reduced to the sum of $2,-334.60. This figure approximates the amount that would be due plaintiff under defendant's computation.

In view of this concession made by plaintiff it will not be necessary, because of the noted error, to remand the cause for a new trial, but the judgment will be modified accordingly.

The judgment is therefore modified by reducing plaintiff's recovery from $2,806.77 to $2,334.60, and as so modified is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur.