DAVE MARKLEY FORD, INC., Appellee,

v.

Emma Lee LAIR, Appellant.

No. 49250.

Supreme Court of Oklahoma.

June 7, 1977.

Ramey & Ramey, Yukon, for appellee.

Beaven & Barragree, Oklahoma City, for appellant.

DAVISON, Justice:

On June 19, 1975, Emma Lee Lair purchased a new automobile from Dave Markley Ford, Inc. As part of the consideration paid to Dave Markley Ford, Ms. Lair "traded in" a 1972 Mercury—the car dealer allowing her a trade in value of $2,500.00 on the Mercury. The buyer took possession and delivery of the new automobile and the seller took possession and delivery of the trade in vehicle. The buyer has made all installments due under the contract. However, a dispute arose between the buyer and the seller as to whether, under the sales contract, the buyer or the seller was responsible for the cost of repairing the body of the trade in vehicle, which was damaged at the time the sales contract was entered into.

In September, 1975, the automobile dealer brought a small claims action against Ms. Lair seeking $392.33, the amount of the check received by Ms. Lair from her insurance company to compensate her for the body damage on the trade in vehicle, plus $50.00 (the deductible on Ms. Lair's insurance policy). The car dealer also sought costs and attorney fees.

At the trial in the small claims action, which was tried to the court, the auto dealer, over the objection of Ms. Lair, introduced both parol and extrinsic evidence in attempting to prove Ms. Lair's obligation to pay for the repairs of the trade in automobile. At the conclusion of the dealer's case in chief, Ms. Lair demurred to the evidence. The demurrer was overruled, and Ms. Lair chose to stand on her demurrer. Judgment, in the amount of the prayer, plus costs, plus $100.00 attorney fees, was then awarded to the auto dealer. Buyer, Ms. Lair, appeals from that judgment.

1. See 12A O.S.1971 § 1–205 for the statutory definition of course of dealing and usage of trade, and 12 O.S.1971 § 2–208, for the statutory discussion of course of performance.

2. Comment 1 of the Uniform Commercial Code discussing Section 2–202, provides in part:

The buyer contends that the trial court erred in admitting both parol and extrinsic evidence to prove nonwritten terms of the written sales contract. As the contract before the trial court was one for the sale of goods, the provisions of Article 2 of the Uniform Commercial Code are applicable, and 12A O.S.1971, § 2–202 is controlling. 12A O.S.1971 § 2–202 provides:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

(a) by course of dealing or usage of trade (Section 1–205) or by course of performance (Section 2–208); and

(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

Neither the course of dealing, usage of trade, nor course of performance are involved in the fact situation before us.[1]

In bringing its suit against the buyer, the automobile dealer attempts to establish a term in the sales contract which was not contained in the written contract, and which would not necessarily be inconsistent with any of the terms of the written contract. Although under Section 2–202(b) quoted above, evidence of consistent additional terms may be introduced, since the Code rejects the assumption that because a final writing has been worked out on some terms, the writing is assumed to include all matters agreed upon,[2] the writing itself may indicate that the writing was intended

"1. This section definitely rejects:
(a) Any assumption that because a writing has been worked out which is final on some matters, it is to be taken as including all the matters agreed upon."

by both parties as a complete and exclusive statement of all terms. If an examination of the "four corners" of the writing demonstrates that the writing was intended to be a complete and exclusive statement of all terms, extrinsic or parol evidence may not be introduced to show additional consistent terms.[3]

In the written contract before us, which was a *form contract prepared and filled in by the auto dealer*, the terms of the contract demonstrate that the writing *was intended* to be a complete and exclusive statement of all terms. At paragraph 20, the contract provides:

"This contract constitutes the entire agreement between the parties and no modification hereof shall be valid in any event. . . ."

■ Because the writing was meant to be an entire and exclusive statement of the contract terms, we hold that the court below erred in admitting both parol and extrinsic evidence, the only purpose of which was to establish a consistent supplemental term of the contract. In so holding, we note that the auto dealer's entire cause of action is predicated upon a consistent supplemental term, proof of which is precluded by the provisions of 12A O.S.1971 § 2–202.

In support of its argument that the parol and extrinsic evidence was properly admitted and considered by the trial court, the auto dealer argues that it was attempting to prove lack of total consideration—that it had not received all the consideration promised, and that parol and extrinsic evidence may be introduced to show lack of consideration or nonreceipt of consideration. We do not agree with this analysis, for the auto dealer did not merely attempt to prove that it had not received all consideration promised, rather it sought to prove the existence of additional terms which specified additional items of consideration. Evidence of the additional terms, as discussed above, is not admissible in the case before us.

Accordingly, we reverse the decision of the trial court and direct the trial court to enter a judgment in favor of the defendant below, Emma Lee Lair. As Ms. Lair is the prevailing party in a civil action to recover on a contract relating to the sale of goods, she is, pursuant to the provisions of 12 O.S.1971 § 936,[4] entitled to an award of reasonable attorney fees to be taxed and collected as costs, which is to be set by the trial court.

For the above stated reasons, we remand the action to the trial court with instructions to enter a judgment for defendant below, together with costs and attorney fees.

REVERSED AND REMANDED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

3. See 12A O.S. § 2–202(b), quoted in the text above, and Comment 3 of the Uniform Commercial Code under that Section, which provides:

"Under paragraph (b) consistent additional terms, not reduced by writing, may be proved unless the court finds that the writing was intended by both parties as a complete and exclusive statement of all terms. If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then evidence of their alleged making must be kept from the trier of fact."

4. 12 O.S.1971 § 936 provides:

"In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."