CITATION COMPANY REALTORS, INC., Appellee,

v.

**John H. LYON, Appellant.**

**No. 51207.**

Supreme Court of Oklahoma.

April 29, 1980.

Jon B. Wallis, Tulsa, for appellant.

Larry Evans, Rheam, Noss & Evans, Tulsa, for appellee.

HARGRAVE, Justice.

This Court has previously granted certiorari to review an unpublished opinion of the Court of Appeals reversing and remanding the cause after the trial court had granted summary judgment on behalf of a real estate broker for commission earned in the sale of a condominium project in Tulsa, Oklahoma. The broker, Citation Company Realtors, alleged in its petition that the defendant, John Lyon, executed an agreement through which he had agreed to pay a broker's commission of $50,000.00, $35,000.00 of it to be paid upon closing of the sale of the condominium complex and the balance, or $15,000.00 to be paid when 57 units of the project have been sold and closed. The plaintiff alleged it found a buyer and the last installment was due, owing and unpaid. Plaintiff alleged the final payment was due in a reasonable time and that the sale of 57 units was not an absolute condition precedent to payment, and alternatively, if the condition was held to be absolute the condition was met when defendant executed a deed to the complex to Sooner Federal Savings & Loan or the defendant himself rendered compliance impossible, thereby waiving compliance.

The defendant denied generally the petition's allegations, and also alleged the aforementioned condition of sale of 57 units constituted an agreement between the parties that the additional commission was to be taken from the profit realized from sale of the complex and that the execution of a deed to Sooner Federal did not realize a profit but simply constituted a transfer by deed in lieu of foreclosure and the condition of profit never materialized.

In his cross petition defendant alleged plaintiff's agent represented to him that Sooner Federal would fully cooperate in financing and made other false representations regarding Citation's intent to engage in an intensive sales campaign for the complex. Defendant alleged these representa-

tions were false and fraudulent and materially affected defendant's decision to purchase the complex, and prayed for actual and punitive damages. The plaintiff generally denied the allegations of the cross petition.

The trial court granted summary judgment on the realty company's contract against the purchaser, John Lyon, holding the language in the agreement obligated the purchaser to pay $50,000.00 upon closing the transaction (sale to Lyon). Only the time of payment was qualified by the last portion of the contract quoted here.

The broker, Citation Company Realtors, Inc., shall be paid a broker's commission of $50,000.00 paid by the buyer, J. H. Lyon, upon closing of the transaction as follows:

$35,000 at closing and the balance of $15,000 ~~within 90 days from closing date.~~ paid when 57 units have sold and closed.

The trial court also granted summary judgment to the broker on the buyer's cross petition alleging fraudulent inducement to enter into the agreement, stating that Sooner Federal Savings & Loan's willingness to expedite financing over and above the usual was a fact that both parties could verify with reasonable diligence. The defendant and his agents conversed with Sooner Federal prior to closing and neglected to verify that fact. The trial court held that under the authority of *Onstott v. Osborne*, 417 P.2d 291 (Okl.1966), those facts negate the existence of actionable fraud.

The Court of Appeals held there was substantial question of material facts raised by the sales commission agreement and the obligation imposed by the contract was not susceptible to resolution by summary judgment. Additionally, the Court of Appeals held the question of fraud was sufficiently presented at the time of the summary disposition to require the judgment of the trier of fact.

Certiorari has been granted in order to affirm the trial court's judgment insofar as it granted judgment for plaintiff on the defendant's cross petition alleging fraud, for we find no facts creating a basis for an issue of fraud. The two allegations of fraud relate to (1) misrepresentation of a third party's willingness to finance on overly-advantageous terms, and (2) fraudulent misrepresentation of intent to sell any units at all. For reasons discussed below, these issues are not presented by the pleadings and record before the Court here.

First the issue of fraudulently misrepresenting intent to sell the condominiums as an inducement to enter into the transaction: In *State ex rel. Southwestern Bell Telephone Co. v. Brown*, 519 P.2d 491 (Okl.1974), as the Court of Appeals noted, Oklahoma follows the view that fraud can be predicated upon a promise to do a thing in the future when the intent of the promisor is otherwise. This principle is an exception to the general rule that for a false representation to be the basis of fraud, such representation must be relative to existing facts or those which previously existed, and not as to promises as to future acts. As stated in *Blackburn v. Morrison*, 29 Okl. 510, 118 P. 402 (1910), the exception to the general rule obtains where the promise to act in the future is accompanied by an intention not to perform and the promise is made with the intent to deceive the promisee into acting where he otherwise would not have done so. The gist of the rule is not the breach of promise but the fraudulent intent of the promisor at the time the pledge is made not to perform the promise so made and thereby deceive the promisee. There is a wide distinction between the nonperformance of a promise and a promise made *mala fide*, only the latter being actionable fraud. And as an exception to the usual rule excepting representations relative to future acts, the rule is limited thusly.

But it is argued by the defendants that representations, to be fraudulent, must be made concerning existing facts, and that promises made to be performed in the future do not constitute fraud. We are aware that many respectable courts without any qualifications lay down this broad rule. But we think the error into which these courts have fallen consists in

not distinguishing between the nonperformance of a promise and a promise made mala fide, and *without any intention* at the time of making it to perform it. The latter class of promises have repeatedly been held to constitute actionable fraud. (E.A.) *McLean v. S.W. Casualty Ins. Co.*, 61 Okl. 79, 159 P. 660 (1916).

The simple fact that the depositions illustrate attempts were made to sell the units removes the issue from the concept of fraud through a promise to execute a future act made *mala fide* and relegates the failure to perform to simple nonperformance of a promise.

The second fraud issue discussed here refers to the alleged misrepresentation of the future intent of the third party's willingness to finance on special terms. Here the initial difficulty is the fact that the misrepresentation allegedly arises out of a party's misrepresentation of the future intent of a third party not involved in the action, or possibly a misrepresentation of a past communicated fact, if one views the representation as an untrue statement of a communication between Citation and Sooner Federal. In either case, *Onstott v. Osborne,* supra, and *Sokolosky v. Tulsa Orthopaedic Associates,* 566 P.2d 429 (Okl.1977), point to the rule which is fatal to the legal cognizance of the acts alleged and disclosed in the depositions as fraud. Therein the Court held fraud as relating to a purchase of real estate cannot be predicated upon alleged false statements made, the truth of which could have been ascertained with reasonable diligence by the party asserting the falsity of those statements. The depositions disclose the means of ascertaining the truth of the statement were at the defendant's disposal, and therefore this aspect of the cross petition is insufficient to pass summary judgment also.

The Court of Appeals opinion is ordered reversed insofar as it remands the cross petition for fraud to the trial court for determination by the trier of fact, and is affirmed insofar as it remands plaintiff's petition on the contract issue to the trial court for resolution by the trier of fact.

COURT OF APPEALS DECISION AFFIRMED IN PART AND REVERSED IN PART. TRIAL COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. CAUSE REMANDED FOR FURTHER PROCEEDINGS AS INDICATED.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, SIMMS, DOOLIN and OPALA, JJ., concur.

WILLIAMS and HODGES, JJ., dissent.