**RST SERVICE MANUFACTURING, INC., Appellee,**

v.

**Taylor MUSSELWHITE, d/b/a Argus Tank & Fabrication Company, Appellant.**

**No. 54075.**

Supreme Court of Oklahoma.

April 21, 1981.

Frank M. Hagedorn, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, for appellant.

Patrick O'Connor, Rheam, Noss & Evans, Tulsa, for appellee.

IRWIN, Chief Justice:

Appellee commenced proceedings to recover judgment for supplies furnished to appellant pursuant to an open account. The trial court sustained appellee's motion for summary judgment and appellant appealed.

Appellee alleged, inter alia, that no payment had been made upon the account, the account was correct, due and owing, there were no credits or offsets and appellant had failed and refused to pay the obligation.

Appellant, in his answer, denied all the allegations above set forth. In his answer to appellee's interrogatories, appellant admitted that appellee had furnished the supplies pursuant to an open account but denied there was any sum due and owing "because there was an accord and satisfaction reached which constitutes a subsequent agreement."

Appellee contends that an accord and satisfaction in order to be available as a defense must be specifically pleaded, citing *L. C. Jones Trucking Company v. Jenkins*, Okl., 313 P.2d 530 (1957) and *French v. Sotheby & Company*, Okl., 470 P.2d 318 (1970). Appellee argues that appellant's answer did not contain the defense of accord and satisfaction and may not be considered in determining its entitlement to a summary judgment.

Appellant concedes that he did not affirmatively plead the defense of accord and satisfaction but that his pleadings could have been amended to include such defense and appellee's motion should have been overruled on that ground. Appellant, in effect, argues that his answer to interrogatories was sufficient to place in issue the question of accord and satisfaction. In *Perry v. Green*, Okl., 468 P.2d 483, 489 (1970), we said:

"A motion for summary judgment under Rule 13 of this court's uniform rules for the guidance of the district, superior and common pleas courts of this state, as adopted on March 15, 1965, should be denied if the facts concerning *any issue raised* by the pleadings, as set forth in the depositions, admissions, answers to interrogatories, and affidavits on file in the case when such motion is filed, and as set forth in affidavits thereafter filed in opposition to such motion and meeting the requirements of said Rule 13, are conflicting, or if reasonable men, in the exercise of a fair and impartial judgment, might reach different conclusions from undisputed facts concerning any issue as set forth in such instruments." (Emphasis supplied.)

■ Where an affirmative defense is not pled, it is waived. The existence of a valid but unraised affirmative defense does not affect the efficacy of an otherwise valid judgment. *Greene v. Circle Insurance Company*, Okl., 557 P.2d 422 (1976).

■ We cannot sustain appellant's argument that his pleadings could have been amended to include the affirmative defense of accord and satisfaction and appellee's motion for summary judgment should have been overruled on that ground. Although appellant, in his opposition to appellee's motion for summary judgment, stated that an application to amend his answer would be filed, a search of the record reveals that appellant never requested leave to amend. The responsibility to enforce that right was on appellant, not the court or appellee. A ruling on a motion for summary judgment is made on the record which the parties have actually presented and not on a record which is potentially possible or which may be amended. *Culpepper v. Lloyd*, Okl., 583 P.2d 500 (1978); and *Weeks v. Wedgewood Village, Inc.*, Okl., 554 P.2d 780 (1976). An accord and satisfaction being an affirmative defense, was not placed in issue and the trial court properly considered only the record which the parties had actually presented. Therefore, the question presented is whether appellee was entitled to its summary judgment when appellant's alleged defense of accord and satisfaction was not available to him.

■ If a summary judgment is proper on some issues, but not proper on other issues, the trial court should grant summary judgment on those issues not in controversy and direct that the case proceed on the other issues. *Pettit v. Vogt*, Okl., 495 P.2d 395 (1972).

■ There can be no trial of fact issues in consideration of a motion for summary judgment because its function is to determine whether there is any substantial controversy as to material facts. *St. Francis v. Group Hospital Service*, Okl., 598 P.2d 238 (1979). Summary judgment should be granted where facts set forth in detail in affidavits, depositions, admissions on file, and other competent extraneous materials show there is no substantial conflict as to any material fact. *Weeks v. Wedgewood Village, Inc.*, Okl., 554 P.2d 780 (1976).

■ There are no substantial conflicts as to any material fact and the sustention of appellee's motion for summary judgment is affirmed.

Appellant challenges the award of $1,500 for attorney's fee and argues there was no evidence to support it. Appellee argues the $1,500 fee was expressly approved and agreed to by the parties.

■ Appellee's argument is apparently based upon the approval of the journal entry of judgment by appellant's attorney. The approval of the journal entry of judgment in the case at bar was not an approval of the correctness or the propriety of the judgment, but that the judgment as set forth in the journal entry was the judgment rendered by the trial court.

Appellant, as the prevailing party, is entitled to a reasonable attorney's fee (12 O.S. 1971, § 936) but there is no evidence in the record of the value of the services. The trial court was without authority to render judgment for attorney's fee where there is no contract as to amount of attorney's fee, and there is no evidence of value of the

attorney's services. *Sarkeys v. Haas*, Okl., 402 P.2d 894 (1965).

That part of the judgment sustaining appellee's motion for summary judgment is affirmed, and that part awarding $1,500 in attorney's fee is reversed and remanded for further proceedings.

Affirmed in part, reversed in part, and remanded.

BARNES, V. C. J., and LAVENDER, HARGRAVE and OPALA, JJ., concur.

WILLIAMS, SIMMS and DOOLIN, JJ., dissent.