**Mary S. HENDREN, Administratrix of the Estate of Karen Sue Smith, Appellant,**

v.

**MERCY HEALTH CENTER INC., a domestic corporation, Appellee.**

No. 64815.

Supreme Court of Oklahoma.

Dec. 20, 1988.

Rehearing Denied March 28, 1989.

Howard K. Berry, Berry & Berry, P.C., Oklahoma City, for appellant.

Ronald R. Hudson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellee.

ALMA WILSON, Justice:

The issue presented by this case is whether the trial court committed prejudicial reversible error by instruction number fourteen, "assumption of the risk." The trial court rendered judgment in a jury verdict for the appellee and denied the appellant's motion for new trial. The Court of Appeals affirmed. We have previously granted certiorari and now hold that the instruction was prejudicial reversible error under the facts of this case.

The deceased, who was the daughter of the plaintiff/appellant, died of complications of a weight-reduction surgery in which a portion of her stomach was stapled in order to severely limit the amount of food which could be consumed. The deceased, who was was about five feet two inches tall, weighed over 300 pounds. She developed an undiagnosed stress ulcer which perforated the stomach wall, allowing bile to escape and causing peritonitis which led to her death. This was discovered during an autopsy which found 3000 cc's of bile stain in the peritoneal cavity. The testimony of the doctors representing both parties agree that the stomach was perforated between forty-eight to seventy-two hours before her death. The surgeon examined his patient at 6:30 p.m., approximately ten hours before her death. He talked to the nurses over the telephone concerning his patient's condition several times before midnight. After midnight, the attending nurse and supervising nurse elected not to contact the doctor.

The attending nurse testified that although the patient showed some signs of poor blood circulation, and the nurse could not get a blood pressure reading, that the patient had been through periods of ups and downs throughout the day, so that the nurses decided to continue to monitor her. Around 1:00 a.m. the patient showed some signs of improving, but later on in the early morning hours, the patient declined. Around 4:00 to 4:30 a.m. the nurses tried to contact the surgeon and had difficulty. About 4:30 a.m. the nurses called an emergency room physician. The patient died at 5:20 a.m., on the fifth day of her hospitalization.

Instruction fourteen reads as follows:

A patient under the treatment of a physician in a hospital assumes the risk of all the normal consequences and dangers of such medical treatment and hospital care, commensurate with the seriousness of the disease and the nature of the treatment to be administered. However, the patient does not assume the risk of any consequences or dangers caused by the negligence of the employees including nurses of the hospital.

This instruction is not the assumption of the risk instruction contained in the Oklahoma Uniform Jury Instructions Civil. OUJI–CIV 9.14. That instruction states:

A person assumes the risk of injury resulting from the negligence of another if he voluntarily and unreasonably exposes himself to injury with knowledge and appreciation of the danger and risk involved.

The problem with instruction fourteen is its use of the terms "assumes the risk" and the ambiguity which results. Assumption of the risk is an affirmative defense which must be pled or it is waived. *See* 12 O.S. Supp.1987, § 2008(C)(3), and *RST Service Mfg., Inc. v. Musselwhite*, 628 P.2d 366, 368 (Okla.1981). The defendant hospital in its answer filed only a general denial. Additionally, the transcript does not indicate that the deceased voluntarily and unreasonably exposed herself to an injury resulting from the negligence of the hospital. The hospital's defense was not assumption of risk, it was that there was no negligence on the part of the hospital.

The test upon review of an improper instruction is "whether there is a probability that the jurors were misled and thereby reached a different result than they would have reached but for the error." *Woodall v. Chandler Material Co.*, 716 P.2d 652, 654 (Okla.1986). The instruction given is confusing to this Court and therefore we find it probable that the appellant's case was prejudiced by the "assumption of risk" instruction.

The opinion of the Court of Appeals affirming the trial court is VACATED. The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

LAVENDER, J., dissents.