J.F. SCHULTE and Ethelyn Shadid, Plaintiffs–Appellants,

v.

APACHE CORPORATION, Defendant–Appellee.

No. 67173.

Supreme Court of Oklahoma.

July 2, 1991.

As Corrected Aug. 5, 1991.

Fellers, Snider, Blankenship, Bailey & Tippens by Richard F. Campbell, III, and Rebecca J. Sherwood, Oklahoma City, for plaintiffs-appellants.

Watson and McKenzie by H.B. Watson, Jr., and Sharon Taylor Thomas, Oklahoma City, for defendant-appellee.

HODGES, Vice Chief Justice.

The plaintiffs, J.F. Schulte (Schulte) and Ethelyn Shadid (Shadid), brought this action to determine their interests and right to participate in wells drilled by the defendant, Apache Corporation (Apache). Both the plaintiffs and the defendant filed motions for partial summary judgment. The

trial court granted judgment in favor of the defendant and denied the plaintiffs' motion. The Court of Appeals affirmed in part and reversed and remanded in part.

The issue before this Court is whether the trial court erred in granting final judgment in favor of the defendant. For the reasons stated herein, we find that the trial court correctly ruled in favor of Apache on part of the issues in this case but erred in granting a final judgment in favor of Apache.

This dispute revolves around acreage "earned" by a well in which the plaintiffs are working interest owners. In the summer of 1979, Apache entered into farmout agreements wherein Apache agreed, among other things, to drill a well in section 10–T10N–R22W of Beckham County in exchange for oil and gas leases covering approximately 900 acres in the eight governmental sections surrounding section 10 (earned acreage).

On October 5, 1979, Apache filed an application with the Corporation Commission (Commission) requesting that the oil and gas interests in section 10 be force pooled. In October and November 1979, Apache was notified that plaintiffs intended to participate in the well to be drilled on section 10, the Mikles No. 1–10 Well. The plaintiffs signed an Authority for Expenditure. On November 26, 1979, Apache's landman informed the plaintiffs that Apache had entered into several farmout agreements involving acreage both inside and outside of section 10.

On January 23, 1980, the Commission issued an order pooling the interests in section 10. The order stated that the acreages in the farmout agreements would be earned by the Mikles No. 1–10 Well. The plaintiffs' mineral interests in section 10 were pooled pursuant to the Commission's order.

Allegedly, on March 3, 1980, Apache sent the plaintiffs a model form joint operating agreement (JOA) back dated to January 1, 1980. Apache had deleted two sections from the model JOA. One of the deleted sections states that any cash contribution toward the drilling of the well would be applied to the costs of drilling the well and that any acreage contributions would be assigned proportionately to the drilling parties. The other deleted section would have given the owners preferential rights to buy any other parties' interest that was being sold. Neither of the plaintiffs signed the JOA.

Apache drilled a well on section 10, and the plaintiffs paid their share of the costs. It also drilled wells on the leases on the sections surrounding section 10 which were "earned" by the Mikles No. 1–10 Well under the farmout agreements. The plaintiffs requested an assignment in the earned acreage, but Apache refused. The plaintiffs then brought this suit seeking a determination of their interest in the earned acreage.

On October 27, 1982, the plaintiffs filed a "Motion for Partial Summary Judgment" on the following issues: (1) whether the Commission's pooling order established their rights in the earned acreage and their rights to participate in the wells drilled on that earned acreage, (2) whether as a matter of law they were entitled to an interest in the earned acreage as co-tenants in the Mikles No. 1–10 Well, and (3) constructive fraud.

Apache filed an objection to the plaintiffs' motion for partial summary judgment and, on January 19, 1983, filed a cross-motion for partial summary judgment. This cross-motion for partial summary judgment, accurately defined as a motion for partial summary adjudication, did not comply with Okla.Stat. tit. 12, ch. 2, app., rule 13 (Supp.1984), making it difficult to respond and to determine what the issues and arguments were. Apache filed several supplemental briefs in support of its motion. Then, on August 28, 1984, Apache filed an application with the Commission seeking clarification and construction of the Commission's orders. On July 22, 1985, the Commission issued a clarification order stating that its forced pooling order was ambiguous and "[t]hat the [d]istrict [c]ourt should determine whether the parties should be entitled to any acreage acquired through the existence of a farm-out

agreement or through the relationship of Apache Corporation and others to respondents from the relationship established by the pooling order of the spacing unit."

On May 23, 1986, Apache filed a "Second Motion of Apache Corporation for Partial Summary Judgment." Apache sought a determination that the present suit was a collateral attack on the Commission's pooling order and that under the pooling orders, the plaintiffs were not entitled to a proportionate share of the acreage received from the farmout agreements. The district court not only ruled in favor of Apache on the issues presented in the second motion for partial summary judgment, the rights established under the pooling order and the alleged cotenancy, but also on the issues of constructive fraud and the existence of a mining partnership. On appeal, the intermediate appellate court affirmed in part and reversed in part. The Court of Appeals also issued an opinion on rehearing without calling for a response in violation of Okla.Stat. tit. 12, ch. 15, app. 3, rule 3.11 (1981).

Summary judgment is proper when there is no dispute of the material facts and a party is entitled to judgment as a matter of law. Okla.Stat. tit. 12, ch. 2, app., rule 13 (Supp.1984). The plaintiffs contend that the district court erred in granting a final judgment when the pending motions were motions for partial summary judgment and did not address all the issues. The title of the motion is irrelevant. Before a court can grant a final judgment, it is necessary that all the claims and issues in the case are addressed and resolved. Okla.Stat. tit. 12, § 681 (1981).

■ The trial court may properly enter an order adjudicating an issue or claim when, as in a summary judgment, there is no genuine issue of a material fact relating to that issue or claim. *RST Service Mfg., Inc. v. Musselwhite*, 628 P.2d 366, 368 (Okla.1981). In the present case, the parties did not sufficiently demonstrate that there was no genuine issue of material fact to warrant a final judgment. Therefore, the trial court erred when it granted a final judgment in favor of Apache.

The plaintiffs originally argued that the language in the pooling order gave them an interest in the earned acreage. After the Commission issued its clarification order, that position was no longer defensible. The clarification order explicitly stated that the Commission did not intend to determine the rights of the parties to the earned acreage and left that task for the district court. There is nothing on the face of the order which entitles plaintiffs to an interest in the acreage.

■ The plaintiffs argue the pooling order created the relationship of cotenancy in the well and that Apache breached its duties under that cotenancy relationship. In *Wakefield v. State*, 306 P.2d 305 (Okla. 1957), the argument was made that an order force pooling mineral estates created a tenancy in common and that the parties possessed the common law rights of tenants in common. This Court rejected the argument and held that the forced pooling order did not create a tenancy in common relationship. Then in *Tenneco Oil Co. v. District Court of the Twentieth Judicial District*, 465 P.2d 468 (Okla.1970), we held that a voluntary unitization agreement, approved by the Commission, did not create a cotenancy. Likewise, the Commission's pooling order in the present case does not create a cotenancy.

■ Plaintiffs' argue the acts of Apache constitute constructive fraud and that they are entitled to the imposition of a constructive trust upon the earned acreage. Title 15, § 59 of the Oklahoma Statutes defines constructive fraud as:

[A]ny breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, ... any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud.

■ Plaintiffs attempt to establish a duty by arguing that a mining partnership existed. The three requirements of a mining partnership are: "(1) [a] joint interest

472

in the property by the parties sought to be held as partners, (2) [an] agreement, express or implied, to share in the profits and losses of the venture, and (3) actions and conduct showing cooperation in the project." *Edwards v. Hardwick*, 350 P.2d 495 (Okla.1960). None of the parties has presented evidentiary material sufficient to establish the elements necessary to prove or disprove the existence of a mining partnership.

Further, none of the parties has sufficiently established whether or not the plaintiffs were mislead by Apache to their prejudice. Because there is a genuine issue of material fact, the trial court should not have granted a final judgment.

There is, however, no genuine dispute of material fact on the issue of whether the Commission's pooling order created any rights in the plaintiffs to the earned acreage. An order granting partial summary adjudication should have been entered in favor of Apache on this issue. On the issue of constructive fraud, or breach of fiduciary duty of a mining partnership, there are material facts which are still in dispute. In fact, Apache admits in "Defendant's Brief in Opposition to Plaintiffs' Motion for Partial Summary Judgment" there is a substantial controversy as to the facts on the issue of constructive fraud.

When a party is entitled to a ruling on some, but not all the issues, the trial court should grant a partial summary adjudication on those issues not in controversy. *RST Service Mfg., Inc. v. Musselwhite*, 628 P.2d at 368. In this case, the trial court properly ruled in favor of Apache on the issues involving the pooling order and erred in granting a final judgment. The judgment of the trial court is reversed with instructions to enter an order consistent with this opinion.

WRIT OF CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED WITH INSTRUCTIONS.

OPALA, C.J., and LAVENDER, HARGRAVE and SUMMERS, JJ.

KAUGER, J., concurs in result.

ALMA WILSON, J., concurs in part, dissents in part.

SIMMS and DOOLIN, JJ., dissent.