Lester FURR; Sharon Furr; Henry L. Madden; Peggy J. Madden; Darlene Dodson; J.W. Dodson; Joseph S. Hale; Brenda J. Hale; Ernest J. Henson, Jr.; Charlotte Henson; Loyd Furr; Norma Furr; Jack Henson; Juanita Henson; Ray Henson; Modeen Henson; Robert M. Rudloff; Charlotte Rudloff; Ron Schaeffer; Linda Schaeffer, Ray Brannon; Henrietta Brannon; John A. Lindley; Sheryl Lindley; S.L. Bowman; Roe Ann Welsh; Syble Bandy; Joe L. Muse; Peggy A. Muse; and Jerry Stevenson, Appellants,

v.

Paul W. THOMAS and Billie M. Thomas, Individually and as Trustees for Gaia Thomas Patterson; Paul W. Thomas, Jr.; Tammara L. Thomas; William C. Thomas and John A. Thomas, Beneficiaries and as individuals, Appellees.

No. 72627.

Supreme Court of Oklahoma.

Sept. 24, 1991.

Curtis A. Parks, Michael J. Beard, Parks & Beard, Tulsa, for appellants and counter-appellees.

Donald L. Kahl, Kent L. Jones, Orval E. Jones, Hall, Estill, Hardwick, Gable, & Nelson, P.C., Tulsa, for appellees and counter-appellants.

SUMMERS, Justice:

Residential purchasers prevailed below as plaintiffs in their lawsuit for their seller/developers' failure to build a hard-surfaced road to their homes as promised. The jury awarded actual damages for breach of contract and punitive damages for fraud. After the Court of Appeals reversed in part and affirmed in part, the three principal issues presented here on certiorari are resolved thus: (1) The trial court was correct in setting aside the judgment as to the adult children of the developer for lack of *in personam* jurisdiction. (2) The judgment against the developer's wife for actual damages only is affirmed. (3) The judgment against the developer himself for actual and punitive damages, as modified by the trial court, is affirmed.

In 1974, a trust was established to hold certain real property for the benefit of the children of Paul and Billie Thomas. The parents were named as trustees. Over the next three years, Paul (Father or Developer) and Billie (Wife or Mother, and together with Paul, referred to as Sellers) then developed the land and sold it to the Plaintiffs (Purchasers). The sales contracts provided that within two years, the Sellers would construct a two mile all-weather smooth surface road to serve the development. The promised black-top road was never built, but Father did build a gravel road which he maintained until suit was filed.

The Purchasers filed suit approximately nine years after the sale, alleging breach of contract and fraud, seeking actual and punitive damages. It is uncontested that during the interval between the execution of the contract and the filing of suit, the trust expired and the children became the successors in interest to the contracts. Suit was filed against Father, Mother, and Children, both individually and in their respective capacities as trustees and beneficiaries.

The parties do not dispute that summons only issued to Father, and that he was the only defendant served with summons. Father met with an attorney who agreed to handle the case. Counsel entered an appearance for the "Defendant, Paul W. Thomas Allen, (sic)" reserving time to plead. Thereafter he filed an Answer, and then other pleadings, on behalf of the "Defendants." The Pretrial Conference Order shows his appearance for "the Defendants." The lawsuit proceeded for over two years, with numerous contacts and meetings between Father and his attorney. However, the Children were never contacted by the attorney, and the Father stated that he was keeping the Children apprised of the proceedings. Father was very insistent that Children not be bothered by the suit.

Purchasers filed a motion for summary judgment. Because of statements made by Father in his deposition and because Father wanted to alleviate the necessity of deposing Children, the attorney confessed liability and sought jury trial only as to damages and the issue of fraud. At trial, the jury returned a verdict of $175,000.00 in actual damages and $90,000.00 in punitive damages. Children and Mother filed motions to vacate, premised on the lack of notice. The trial court sustained the Children's motion, finding that they had not appeared in the action nor consented to the exercise of jurisdiction over them. The trial court sustained the award of actual damages against both Father and Mother, but found that the award of punitive damages was not supported as against Mother. The trial court further reduced the punitive damage award against Father to $60,000.00 because of his past expenditures in the upkeep of the gravel road.

Purchasers appealed the ruling of the trial court vacating the judgment as to Children. Father and Mother appealed the judgment regarding fraud and punitive damages. They also sought to assert a statute of limitations defense. The Court of Appeals reversed the trial court's ruling as to Children, holding that they had failed to show by clear and convincing evidence that counsel lacked authority to represent them in the action. The trial court was affirmed in all other respects.

Father, Mother, and Children petitioned this Court for certiorari. On September 18, 1990, we granted certiorari to all three. The Purchasers have not sought certiorari. We hereby vacate the opinion of the Court of Appeals, and affirm the judgment of the trial court. We will address each of the certiorari petitioners separately to avoid confusion.

## I. CHILDREN–BENEFICIARIES

The determinative issue raised by the adult Children is the question of *in personam* jurisdiction. They had not been served with summons, nor had they authorized any attorney to appear for them. They urge that they had no notice that they had been named as parties in this lawsuit until they were advised that the jury had returned a verdict against them. Upon motion by Children, all of whom were adults, the trial court found that they had not been lawfully notified of their involvement and potential liability in the lawsuit, and vacated the judgment against them. Purchasers assert that the attorney had the apparent authority to represent the Children and thus they should be bound by the judgment. On appellate review, the Court of Appeals held that Children had failed to meet their burden of showing by clear and convincing evidence that they did not know they were parties in the lawsuit.

A trial court's judgment or ruling as to a motion to vacate will be affirmed if sound discretion was exercised upon sufficient evidence to vacate the judgment. *Schepp v. Hess*, 770 P.2d 34, 39 (Okla.1989). On the Motion to Vacate at the trial level, Children had the burden of showing by clear and convincing evidence that the attorney claiming to represent "the Defendants" did not have the authority to represent them. *Burkhart v. Lasley*, 182 Okl.

43, 75 P.2d 1124 (Okla.1938). The evidence presented to the trial court included affidavits by all children, by Father and by the attorney. The affidavits of the Children stated that they did not learn that they were named as parties in the lawsuit until after August 22, 1988, the date of the jury verdict, and that the attorney did not have the authority to represent them in this lawsuit. They also stated that they did not authorize anyone to obtain counsel for them or on their behalf.

■ The attorney's affidavit stated that the Children were never served with summons, and that he never contacted them or received their permission to represent them. He stated that none of the Children contacted him to represent them in this matter. The Father's affidavit stated that he hired the attorney to represent himself but not the Children. It stated that he did not even discuss such representation.

The trial court also had before it the depositions of Father and his attorney. During these depositions, Father stated that he did not realize that the Children were being sued individually. He thought that they were involved only as beneficiaries of the trusts. The attorney stated that he believed Father was hiring him to represent all of the parties, but that he never spoke with Children about the action. On two different occasions, two of the Children telephoned him with regard to other legal matters, and in passing inquired as to how "the lawsuit" was progressing. However, the attorney emphatically denied that any further discussions occurred and also stated that Father repeatedly told him that he did not want the Children involved.

The Court of Appeals relied on the fact that Father had discussed the lawsuit with the Children and that they were aware of its existence. However, this alone is not sufficient to defeat the trial court's ruling. There is no evidence to show that the Children authorized the attorney to represent them in the suit. The depositions of both the attorney and Father clearly show that

Father made every attempt to keep the Children separate and apart from the lawsuit. He repeatedly stated that he did not want them bothered and he would handle the matter.

■ To be bound by a judgment as a party defendant one must either (1) be lawfully served with summons in the case or (2) voluntarily, either personally or through an attorney, enter an appearance therein. See *Ford v. Ford,* 766 P.2d 950, 954 (Okla. 1988); *Matter of Dana,* 656 P.2d 253, 255 (Okla.1983); *Turner v. Big Four Petroleum,* 274 P.2d 524, 526 (Okla.1954).

We believe that the trial court had sufficient evidence to rule that the Children had not effectively been made parties to the lawsuit. We also hold the trial court's ruling that the attorney was not authorized to represent them is supported by clear and convincing evidence. We conclude that the trial court's ruling on the motion to vacate should be affirmed because sound discretion was exercised in light of the evidence presented by Children. See *Schepp,* 770 P.2d at 39. The ruling of the trial court vacating the judgment against the Children is affirmed.

## II. MOTHER/WIFE

In her petition for certiorari, Mother points out that the jury only concerned itself with damages, and that the only adjudication of liability in the case was the court's ruling on plaintiff's Motion for Summary Judgment. She asserts that only her husband was found liable under the summary judgment motion, and that no judgment of liability has ever been rendered against her. (She does not assert that she is not a party defendant in the suit.)

■ The caption, as with most of the instruments filed in the case, reads "Lester Furr, et al., Plaintiffs v. Paul W. Thomas, et al., Defendants." The phrase "et al." is defined as "and others." Black's Law Dictionary 496 (5th ed. 1979). When the

phrase is used in a judgment against defendants, all defendants are included in the judgment. *See Ford v. Nicks,* 866 F.2d 865, 870 (6th Cir.1989); *Williams v. Williams,* 156 S.W.2d 363, 369–70 (Tenn.Ct. App.1941).

██ The trial court granted the motion as sought by the Purchasers. The motion was filed against all defendants. Because the motion for summary judgment was filed against all defendants, and was granted by the trial court, we disagree with Mother's contention the judgment of liability was never rendered against her. While the motion seemed to focus on the actions of Father/Developer, it did not exclude the other defendants. Mother/Wife was a contracting party, along with Father/Developer. She was involved in the transactions from the beginning as a trustee. Furthermore, after the "summary judgment"[1] was granted, she did not contest the fact that liability was adjudicated against her, but instead agreed to proceed to trial on damages and the fraud issue only.

Under these circumstances we find that the summary adjudication operated to charge her with liability. This assignment of error on appeal is without merit.

## III. FATHER/DEVELOPER

Father raises several issues in his petition for certiorari. First, he asserts that punitive damages were not proper under the facts of this case because the question of fraud should not have been submitted to the jury. Relying on *Citation Co. Realtors v. Lyon,* 610 P.2d 788 (Okla.1980), he asserts that when the "fraud" consists of making a promise with no intention of performing the promise, any performance by the promisor (such as his building and maintaining the gravel road) precludes a finding of fraud.

In *Citation,* we held that the trial court properly granted a motion for summary judgment disallowing a claim for fraud.

There, a buyer asserted fraud in the performance of a realtor's contract. The buyer claimed that the realtor acted fraudulently by misrepresenting the broker's intent to market the property. We stated that the applicable rule for a fraud claim based on the promise of future acts required that "the promise to act in the future [be] accompanied by an intention not to perform and the promise [be] made with the intent to deceive the promisee into acting where he would not otherwise act." *Citation,* 610 P.2d at 790.

██ Contrary to Father's argument, just any action by the promisor will not suffice to avoid a claim for fraud. Instead, the action of the promisor must be toward the fulfillment of the promise. *See Citation,* 610 P.2d at 791. Here, Father admitted that he did not build the road required by the contract, and that before he finished selling lots he had decided not to build it as specified. Based on this evidence, the question of fraud was properly presented to the jury.

██ Father also urges that the action should have been dismissed under the appropriate statute of limitations. The action was brought more than nine years after the contract was executed. This defense does not appear in the pleadings or in the pretrial order, although Father requested an instruction at trial.

Under 12 O.S.Supp.1987 § 2008(C), statutes of limitation must be pled as an affirmative defense. *See also Greene v. Circle Ins. Co.,* 557 P.2d 422, 424 (Okla.1976) The failure to plead an affirmative defense operates as a waiver of that defense. *RST Serv. Manu. Inc. v. Musselwhite,* 628 P.2d 366, 368 (Okla.1981).

Father urges that the trial court should have allowed an instruction on the limitations issue to have been given at trial. He

---

1. The "summary judgment" here, of course, was not a judgment at all, but only an adjudication as to liability under the contract. *Eason Oil Co.* *v. Howard Engineering,* 755 P.2d 669, 671–72 (Okla.1988)

urges that the evidence presented at trial showed that several years had passed between the execution of the contract and the filing of suit. In denying the motion for new trial as to this issue, the trial court pointed out that even if an amendment to the pleading were to be allowed, Purchasers stood ready with evidence to counter the defense. We are unable to determine whether evidence was introduced at trial regarding limitations, as neither party requested that a transcript of the trial be provided on appeal. See O.R. 614, 630. Nor can we be concerned with whether Purchasers could have countered the defense. The issue is simply not before us here. The failure to plead this affirmative defense operated as a waiver, and Father is not now entitled to resurrect it. *Musselwhite*, 628 P.2d at 368.

Accordingly, the opinion of the Court of Appeals is hereby vacated. The judgment of the trial court is, in all respects, affirmed.

HODGES, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON and KAUGER JJ., concur.

OPALA, C.J., concurs in result.

LAVENDER, J., dissents.

DOOLIN, J., disqualified.