**SOUTHWESTERN BELL MEDIA, INC., Appellee,**

v.

**Dorothy F. EDEN, d/b/a Eden Bail Bonds, Appellant.**

No. 78643.

Court of Appeals of Oklahoma, Division No. 3.

Jan. 19, 1993.

Ken Felker, Cheri Thebeau, Oklahoma City, for appellee.

Charles W. Jackson, Oklahoma City, for appellant.

### MEMORANDUM OPINION

HUNTER, Judge.

Dorothy Eden, d/b/a Eden Bail Bonds (Appellant), contracted with Southwestern Bell Media, Inc. (Appellee), for a one-half page advertisement in the Yellow Pages in October, 1984. Appellant did not believe that the ad, as printed in the 1985 Yellow Pages, met the specifications she requested. She did not pay Appellee for the ad. The contract price was $14,818.80, and the jury returned a verdict for Appellee in the amount of $10,577.49.

Appellee made a pretrial Motion in Limine which was reurged at trial to prohibit Appellant from introducing evidence of an alleged oral promise made by Appellee's

sales representative. The alleged promise was that Appellant's advertisement alone would contain the phrase "Bail Bond Information Center". Appellant contends the oral promise was her primary incentive for placing the advertisement, but that in fact another bail bonding business was allowed to use her company's trade name.[1] She claims the sales representative's promise was a fraudulent inducement and that she should have been allowed to testify regarding the statement.

The contract between the parties provided:

> Neither the advertiser nor the publisher shall be bound by any agreement or understanding not expressed by these Terms and Conditions, and verbal agreements shall be without any force or effect whatever.

The promise Appellant contends was made by the sales representative was an oral promise and no writing was made that reflected such a promise. The terms of the contract itself disallowed the enforcement of any oral promises. Even if it had not, by statute in Oklahoma a writing supersedes prior or contemporaneous oral negotiations. Title 15 O.S.1991, § 137 states:

> The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument.

This rule is a matter of substantive law in Oklahoma. *Investors Royalty Co. v. Lewis*, 185 Okl. 302, 91 P.2d 764 (1939). If an examination of a contract itself reveals that it was intended to be a complete and exclusive statement of all terms, parol evidence may not be introduced to show additional, consistent terms. *Dave Markley Ford, Inc. v. Lair*, 565 P.2d 671 (Okl. 1977).

We conclude, therefore, that the contract and statutory law disallowed the evidence Appellant sought to introduce. The trial court could only have admitted it if Appellant proved fraud had been perpetrated. But a promise to act or not to act by itself is an insufficient inducement to constitute fraud. *Citation Co. Realtors v. Lyon*, 610 P.2d 788 (Okl.1980).

Appellant further contends her testimony of the sales representative's promise was admissible because the written contract was not a complete and final statement of the entire transaction. She quoted the case of *First National Bank v. Beatty*, 172 Okl. 47, 45 P.2d 158 (1935), which stated in the syllabus:

> Where writing does not purport to disclose complete contract, or if it is apparent that it contains only part of agreement, parole evidence is admissible to show entire agreement.

However, the very language of the contract quoted earlier demonstrates that it was complete. This rule would not have justified admission of Appellant's testimony.

The trial court did not err in refusing the parol evidence.

AFFIRMED.

HANSEN, C.J. and BAILEY, P.J. concur.

---

1. Eden's counterclaim of trade name violation was dismissed because the corporation which registered the trade name was not made a party to the lawsuit.