Vicky Jo PHARAOH, (now Toms) and the State of Oklahoma, ex rel. Department of Human Services, Appellees,

v.

Billy James PHARAOH, Appellant.

No. 80193.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 16, 1993.

---

Myra D. Bell, Lawton, for appellant.

M. Ellen Feaver, Norman, for appellee Vicky J. Pharaoh.

Jan Meadows, Asst. Dist. Atty., Norman, for appellee State ex rel. DHS.

## OPINION

HUNTER, Presiding Judge:

The parties divorced in January, 1981. Appellee (Mother) gained custody of the two minor children of the marriage. Appellant (Father) was granted rights of reasonable visitation with the children and ordered to pay $250.00 per month for the support of the children. Within the year, the parents filed a joint motion to modify asking for an order placing custody of the older child, then five, with Appellant and reducing the amount of child support payable by Father to Mother to $125.00 per month. The order reflecting the joint motion was entered by the court on September 2, 1981. No paper was filed in this matter from that time until September 4, 1991 when the State filed a motion to modify the amount of child support. Different motions and citations were filed and counterfiled but by the time of the hearing, only two were before the court, namely, Appellant's motion for visitation and the State's motion to modify child support and request for arrearage.

Appellant's original grant of reasonable visitation with his daughter had never been changed. At the hearing, Appellant requested specific definition of what was "reasonable" visitation. Because the child in question lived in Virginia and because, as Appellant testified, he believed this child (13 years old at the time of the hearing) was extremely upset, Appellant asked the court enter an order which would restart contact between Appellant and his daughter first through written communication, then oral communication, working up to short-term visits and then longer visits when the daughter felt comfortable with him. The court declined to set anything more specific than reasonable visitation but urged the parents to encourage the daughter to visit with her father. Appellant does not appeal from this ruling, but does ask us to find the court abused its discretion when it awarded attorney fees to the private attorney Mother retained to represent her on the visitation question.

The court used the child support guidelines and modified the child support payable from $125.00 per month to $210.00 per month. It also reduced to judgment the arrearage of child support and deducted $2000.00 from the total because it found Appellant had paid that amount for 1982. The court ordered the

judgment paid in $200.00 per month increments. Appellant proposes the court erred in several respects concerning the orders surrounding the child support issues.

■ Both the motion to make visitation more specific and the motion to modify child support and reduce the arrearage to judgment are questions addressed to the equity court. Unless the orders are clearly against the weight of the evidence or unjust, we will not modify them on review. *Thrash v. Thrash,* 809 P.2d 665, 668 (Okl.1991). When a question on review involves reasonableness of attorney fees, the trial court's award will not be modified unless it is shown that the court abused its discretion. *Burk v. City of Oklahoma City,* 598 P.2d 659, 663 (Okl.1979).

## FINDINGS

■ Appellant claims the court erred in allowing attorney fees to Appellee Mother's private counsel on the ground that there was no prevailing party because the court failed to modify the original visitation. We disagree. The issue was before the court on Appellant's motions to modify custody and application for citation for contempt for withholding visitation. Although the contempt was evidently dismissed by Appellant and the motion to modify custody was apparently amended to the motion for visitation, it is clear that Appellee mother, because of Appellant's filings, retained local counsel who appeared for her. It is also clear that Appellant did not prevail on his quest to modify the visitation order. The court disallowed suit money but, when presented with the attorney's billings, allowed fees up to the time of trial. The court did not abuse its discretion.

The following three propositions of error concern the child support modification. Appellant asserts (1) the trial court erred when it increased the current child support payment amount without "sufficient" evidence of a material change; (2) Appellee Mother waived her right to recover the full arrearage because she agreed to accept a lesser amount

and the court "refused" to invoke its equitable powers and (3) the court erred in ordering Appellant to pay the arrearage judgment in installments. We find the trial court did not err in any of these respects and therefor affirm its order.

■ First we address whether there was evidence of material change sufficient to modify the child support order. We note the first orders were entered in 1981, and before the enactment of the child-support guidelines. 12 O.S.Supp.1988 § 1277.7, now renumbered 43 O.S.1991 § 118. The evidence showed that Mother was not working outside the home. She had remarried and had two more children by that marriage in her care. She was a high school graduate and had never held a job which paid more than minimum wage except during a short time in which she worked for commissions at a car dealership.

■ Appellant had also remarried and besides the child of the parties in his custody, 15 years old at the time of the hearing, Appellant also had two step children in his household, whom he carried on his insurance. At the time of the original orders, Appellant was in financial straits and later filed for bankruptcy. By the time of the hearing, however, Appellant was a salaried employee of the State of Oklahoma. The court imputed minimum wage to Appellee Mother and used the gross income of Appellant at arriving at the child support amount. The court also factored in the amount Appellee Mother would have paid Appellant for the care of their son. The amount of the child support, based on this calculation, is not in dispute. The question is whether there was sufficient evidence to modify the current amount of child support. The law clearly authorizes the trial court to modify the amount of child support ordered "whenever circumstances render such change proper either before or after final judgment in the action . . .". 43 O.S.1991 § 112. We specifically hold that a subsequent substantial increase or decrease in the income of one of the parents is a sufficient material change in circumstance to support a modification of child support.

██ Appellant's next proposition is divided into two parts. First Appellant claims that Appellee Mother waived her right to collect arrearage on the full amount because she agreed to accept a lesser amount. Appellee testified, however, that there was no such agreement. When evidence in an equitable action is conflicting and the trial court's judgment is not against the clear weight of the evidence, we will defer to the trial court's judgment and not disturb it on appeal. *Manhart v. Manhart*, 725 P.2d 1234, 1237 (Okl.1986). Next Appellant asserts the trial court erred when it did not, of its own motion, apply the defenses of the statute of limitations or dormancy of judgment to the arrears. Clearly Appellant must raise his own affirmative defenses, or waive them. Cf. 12 O.S.1991 § 2008(C), *Furr v. Thomas*, 817 P.2d 1268, 1272 (Okl.1991). Appellant also believes the trial court should have considered other equitable defenses of its own motion. Certainly the record does not support the existence of any evidence which would have so allowed the court. Because Appellant did not present these theories to the court at trial, he cannot raise them as points of error for the first time on appeal. *Mothershed v. Mothershed,* 701 P.2d 405, 411 (Okl. 1985).

██ Lastly, Appellant proposes the court erred in ordering him to pay the judgment in installments. At the time of trial, 43 O.S.Supp.1993 § 137(D), which allows arrearage payment schedules, had not been enacted. Appellant did not object to the payout plan, however, and fails to show why its implementation resulted in prejudicial error. *Fawcett Publications, Inc. v. Morris,* 377 P.2d 42, 53 (Okl.1962).

For these reasons, we affirm the orders of the trial court.

AFFIRMED.

GARRETT and BAILEY, JJ., concur.