EBEL, Circuit Judge,
dissenting:
I respectfully dissent from Parts I & II of the court’s opinion in this ease because I *863 believe the district court failed to account adequately for Oklahoma’s general reluctance to award tort remedies in what are essentially breach of contract actions. In my view, the over $20,000 in expenditures by NationsBank were clearly subsequent actions “toward the fulfillment of a promise” under the Oklahoma Supreme Court’s decisions in Furr v. Thomas, 817 P.2d 1268, 1272 (Okla.1991), and Citation Co. Realtors v. Lyon, 610 P.2d 788, 790-91 (Okla.1980).
As a general matter, tort remedies, such as punitive damages, are not available in breach of contract actions. Ill E. Allan Farnsworth, Farnsworth on Contracts § 12.8 (1990). On the other hand, Oklahoma, like most states, allows tort recovery in situations where the defendant’s conduct amounts to an independent tort, such as fraud, as opposed to a simple breach of contract.[1] Specifically, a fraud claim is available where
the promise to act in the future is accompanied by an intention not to perform and the promise is made with the intent to deceive the promisee into acting where he otherwise would not have done so. The gist of the rule is not the breach of promise but the fraudulent intent of the promisor at the time the pledge is made not to perform the promise so made and thereby deceive the promisee.
Citation, 610 P.2d at 790. However, Oklahoma has placed an important limitation on this rule, allowing recovery only in situations where the defendant has not performed subsequent actions “toward the fulfillment of the promise.” Furr, 817 P.2d at 1272.
The majority affirms the district court’s conclusion that NationsBank defrauded the Hamiltons by promising to perform repairs to the property without intending to complete performance of those repairs, despite the fact that the bank performed in excess of $20,000 in repairs after the promise was made. The district court’s conclusion was based on its assessment of Mr. Warren’s credibility, and its finding that Warren’s promise to complete the repairs was only part of a “deceptive scheme.” Aplt. Supp.App. at 897. Unlike the majority, I do not believe that the district court’s findings regarding the bank’s subjective motivations are dispositive, so long as the bank took objective steps toward the fulfillment of its contractual promise, as it did.
The Oklahoma ease law distinguishes between situations where the defendant has taken objective steps toward the completion of the contract, and cases where such steps have not been taken. In the former situation, any fraud claim is completely barred, whereas in the latter situation a fraud claim will lie if the plaintiff can show the other elements of such a claim. Thus, in Citation, when the plaintiff alleged that a realty company fraudulently misrepresented its intent to sell certain condominium units, the Oklahoma Supreme Court affirmed the trial court’s grant of summary judgment in favor of the defendant brokerage based on the “simple fact” that the company attempted to sell the condominium units at issue. 610 P.2d at 790. The attempts to sell the units “remove[d] the issue from the concept of fraud through a promise to execute a future act made mala fide and relegate[d] the failure to perform to simple nonperformance of a promise.” Id. Notably, in affirming the grant of summary judgment, the court did not engage in any analysis of the company’s subjective motivations in attempting to sell the units, or make any attempt whatever to evaluate the quality of those efforts.
In Furr, on the other hand, the Oklahoma Supreme Court recognized a valid fraud claim where the actions taken by the defendant after the contract was entered into were not directed toward the fulfillment of the promises in the contract. In that case, the defendant, a real estate developer, promised “to construct a two mile all-weather smooth service road to serve the development.” 817 *864 P.2d at 1269. Instead of building such a road, the defendant, who conceded he had decided not to build the promised road before he finished selling the lots, built a gravel road. Id. at 1272. Because there was no showing of any action by the defendant “toward the fulfillment of the promise” to build a smooth, all-weather road, the Oklahoma Supreme Court concluded that the fraud claim was properly submitted to the jury. Id.
In this case, it is undisputed that Nations-Bank completed over $20,000 worth of repairs to the Hamiltons’ property during the relevant time period, and that the items repaired were among those specifically mentioned on the list of needed repairs prepared jointly by both the Hamiltons and the bank. As of April 1991, the list of needed repairs prepared jointly by the Hamiltons and the bank estimated that the total cost of repairs would be $37,955.51. The repairs completed by the bank were objective steps toward the fulfillment of the bank’s contractual promise, and the district court did not find otherwise. Consequently, as in Citation, no fraud claim is available under the undisputed facts of this case.
Further, in view of the substantial progress the bank made toward completing its repair obligations, I believe it was clearly erroneous for the district court to characterize that performance as “token” and “spurious.” Even assuming that a token act will not satisfy the Citation/Furr requirement of acts toward the fulfillment of a promise, the over $20,000 in repairs actually completed by the bank in this case represented over one-half of the estimated $37,955.51 total repair cost. Half performance cannot reasonably be considered token performance. Accordingly, I would reverse the district court judgment in favor of the Hamiltons on the fraud and punitive damages claim, and conclude that on these facts the Hamiltons’ only valid claim against the bank was on a breach of contract theory.[2] However, since the majority has concluded that fraud and punitive dámages are appropriate, I conclude, in part IV of the Court opinion, that the punitive damages awarded are constitutionally excessive and must be reduced on remittitur.

. Oklahoma has also allowed recovery for tortious breach of contract, but only in the insurance context for a bad faith refusal to pay under a policy. Christian v. American Home Assurance Co., 577 P.2d 899, 904 (Okla. 1977); McCorkle v. Great Atlantic Ins. Co., 637 P.2d 583, 588 (Okla.1981). The Oklahoma Supreme Court has so far declined to extend the tortious breach theory to other settings. Rodgers v. Tecumseh Bank, 756 P.2d 1223, 1226 (Okla.1988) (refusing to recognize tortious breach of commercial loan agreement and noting that "[t]o impose tort liability on a bank for every breach of contract would only serve to chill commercial transactions”).

. Contrary to the majority's assertion that "a remand would have been unnecessary” were the Hamiltons' fraud claim absolutely barred by Oklahoma law, our prior opinion clearly indicates that a remand was necessary because we could not "discern from the record whether the district court considered the effect, if any, of the $20,000 in expenditures on the Hamiltons' fraud claim under the law of Oklahoma as stated in Citation and Furr.” FDIC v. Hamilton, 58 F.3d 1523, 1529 (10th Cir.1995). At the time of our prior decision, the Hamiltons continued to dispute whether the bank had performed any repairs. Id. n. 3. If, on remand, the district court had concluded that the repairs performed by the bank were not objective acts toward the fulfillment of the bank's promise, the Hamiltons' fraud claim would have been valid. Thus, a remand was necessary.